Graham, Judge,
delivered the opinion of the court[1]:
This case was heard on a stipulation of facts, which the plaintiffs state in their brief to be “the entire facts out of which this controversy arises.” The court has adopted the stipulation as its special findings of fact.
The question here arises out of the construction of the third paragraph of the will quoted mfra.
The Commissioner of Internal Revenue construed this paragraph as creating one trust fund undistributed and un-distributable in 1917, and assessable for that year as a single *289 entity. The plaintiffs contend that it created three separate trust funds. The provision of the will is as follows:
“ Third. (4th) After the foregoing annual payments shall have been made as aforesaid out of said income and ai'te.T all of the aforesaid legacies shall have been made thereout, then I direct my trustees to hold and invest and from time to t,ime to reinvest all the remainder of such income and to hold and retain the same and all accumulations thereof in order that said trust fund may increase and keep the same intact until my said three children by my wife Evangeline A. (that is, Bobert Wood, John Seward, and Evangeline Brewster) shall respectively arrive at the age of twenty - five years, dividing, the said trust fund, however., into three equal parts, one of the said parts to he so held for each of my said children, respectively, and in adding to such fund from the residue of said annual income of my estate as aforesaid I direct that such additions shall be made equally to each of said three parts and as my said children shall respectively arrive at the age of twenty-five years the principal of such portion of said accumulated fund so held for such child shtlll be paid to such child or the lawful issue thereof.” (Italics ours.)
The applicable statutes are as follows: ■
Section 1, Title I, of the income tax act of September 8, 1916, as amended by the act of October 3, 1911, provides in part:
“(a) That there shall be levied, assessed, collected, and paid annually upon the entire net income received in the preceding calendar year from all sources by every individual, a citizen or resident of the United States, a tax of two per centum upon such income * *
Subsection (b) of section 1 of the said act emphasizes what is ordinarily referred to as a surtax upon the total net income referred to in section 1.
Section 2 (b) of the said act provides:
“ Income received by estates of deceased persons during the period of administration or settlement of the estate shall be subject to the normal and additional tax and taxed to their estates and also such income of estates or any kind of property held in trust, including such income accumulated in trust for the benefit of unborn or unascertained persons or persons with contingent interests, and income held for *290 future distribution under the terms of the will or trust shall be likewise taxed, the tax in each instance, except when the income is returned for the purpose of the tax by the beneficiary, to be assessed to the executor, administrator, or trustee, as the case may be: Provided, That where the income is to be distributed' annually or regularly between existing heirs or legatees or beneficiaries the rate of tax and method of computing the same shall be based in each case upon the amount of the individual share to be distributed. * * * ”
If the fund in this case constituted one trust it is subject to a higher rate of taxation than if three trusts were created, and the aim of this suit is to relieve this trust fund of the higher tax by establishing that three trusts were created by the will.
The testator died on February 6, 1910. The tax involved is for the year 1917. When the trustees made their return for that year on June 15, 1918, they made .it on the basis of the fund being one trust and not three. Thereafter, on October 19, 1922, the said estate filed a nontaxable, amended return for the calendar year 1917 on Form 1041, setting forth a distribution of the income of the estate for 1917 equally for the three children of the testator, and on the same date one of the trustees named in the will filed three separate returns as trustee for each of the plaintiffs, reporting in each the income distributed to the trustee by the estate for each beneficiary.
On October 22, 1922, a claim for refund was filed, which was rejected by the commissioner on June 14, 1923, and on or about June 16, 1923, the commissioner made an additional assessment of income tax for 1917 against said estate which was afterwards paid upon notice and demand and under .protest, and the trustees immediately filed with the commissioner a claim for refund of the amount of $13,636.31 so assessed. This claim was rejected on January 30, 1925.
The reasons stated on the face of said claim for refund were that the will of the decedent created three trusts, each in itself a taxable entity, instead of one trust taxable as a single entity, and that the dividends received on February 8, 1917, were paid out of the 1916 earnings and were taxable ai the 1916 rates.
*291 The statute involved taxes income “ of estates or any kind of property held in trust ” where the income is not distributed. To the trustees under the will the testator gave and bequeathed the whole of his property in trust, and section 4 provided, after making certain bequests out of the income, that the trustees were to hold and invest “ all the remainder of such income and to hold and retain the same and all accumulations thereof in order that said trust fund may increase and keep the same intact ” until the three children shall respectively arrive at the age of 25 years, dividing the said trust fund, however, “ into three equal parts, one o,f said parts to be so held for each of my said children.” Here is a trust of what ? The testator does not say that the remainder of his income shall be divided into three parts and each of the parts shall be held in trust for the benefit of certain of his children. He directs that the “ remainder ” of the income shall be held and retained in order that said “trust fund may increase and be kept intact ” until the children arrive at the age of 25 years. He speaks of it as one fund and that it is to be held intact. It is true that he later uses the language above quoted, “ dividing said trust fund into three equal parts,” but here again he uses the word “fund.” Further on he speaks of it as “ said accumulated fund ” and as the “portion” of said accumulated fund of each child therein. We are of the opinion that it was the intention of the testator to create one fund; that the provision for dividing it was simply directory and for the purpose of keeping the interests of the children equally divided. One fund was created. Each of the beneficiaries was to receive an equal share of the accumulated trust fund. The fund was to remain intact until one of the beneficiaries arrived at the age of 25 years, when his share was to be paid to him. We aré of the opinion that the Commissioner of Internal Revenue properly assessed it as one fund.
The petition should be dismissed, and it is so ordered.
'Geeen, Judge; Moss, Judge; and Booth, Chief Justice, concur.

 Filed May 28, 1928.