CARNAHAN et al. v. PEABODY et al.

District Court, S. D. New York. December 6, 1928.

This suit is brought by Edna Carnahan, claiming to be an heir and descendant of Christopher Emerick, a brother of John Nicholas Emerick, and by two other persons claiming to be heirs and descendants of Valentine Emerick, another brother of John Nicholas Emerick, in behalf of themselves and all other heirs and descendants of Christopher and Valentine Emerick. The case made by the bill is, in substance:

On June 20, 1787, John Jacob Astor, Sr., and John Nicholas Emerick entered into a partnership agreement in writing, which is set forth in the bill, and thereafter continued as partners in business until the death of Emerick on December 16, 1816, in Philadelphia, Pa. On October 24, 1815, Emerick executed the following instrument:

"This is to certify that I, John Nicholas Emerick, two-thirds joint owner and partner of John Jacob Astor, have left in trust with said partner my estate for a period of ninety years, after which time said estate, together with the accumulations therefrom, shall be given to and divided between the descendants of my two brothers, Christopher and Valentine; that said heirs shall be advertised for every ten years until found and due settlement made.

"I farther state John Astor was a poor boy I loan him money and teach him the business.

"Farther state I value One million dollars and I own ships and 35 acres of land at New York City, partly inside the present city limits.

"4000 acres land in the coal belt Berks County, Pennsylvania, adjoining Stephen Girard, with whom I was once associated in business, 300 acres partly in the city of Germantown and other small acreage.

"I have made other legal papers, but fearing Astor, as he is not the man I thought when I made him my partner, I am leaving papers in my trunk to safeguard my estate.

"John Nicholas Emerick.    [Seal.]

"October 24, 1815, Germantown, Penn."

On October 28, 1815, John Jacob Astor, Sr., acknowledged the trust in writing, assumed the responsibilities and duties connected therewith, and took over the property "left" to him in trust.

As heirs and descendants of Christopher and Valentine Emerick, the plaintiffs claim to inherit the estate left by John Nicholas Emerick by will, a copy of which is as follows:

"Be it known to all

"In the name of God.

"I, John Nicholas Emerick, of the City of Philadelphia, do this 4th day of August in the year of our Lord 1816, do make this last will and testament.

"I, two-thirds joint owner and partner of John Jacob Astor, have my estate and possessions in trust with him and his heirs, for a period of 90 years. After which time said estate, together with all accumulations therefrom, I do hereby give and bequeath to the descendants of my two brothers, Christopher Emerick and Valentine Emerick; that said heirs shall be advertised for every ten years until found and due settlement made—I value one million dollars. Thirty-five acres of land partly inside the present city limits of New York, our headquarters, Four thousand acres of land in Berks County, Pa., adjoining Stephen Girard. Three hundred acres partly in the City of Germantown.

"The yearly net income of our business is very large.

"I direct my trustees and executors if there be any known heirs of Christopher or Valentine Emerick, not found at the time of settlement, the same shall be advertised for a period of three months, at the end of such time settlement shall be made to all proven heirs of Christopher and Valentine Emerick.

"I further direct my trustees and executors, if at the time of settlement there be any claiming to be heirs, other than the descendants of my two brothers, Christopher and Valentine Emerick, or any trying to effect a settlement other than by this will, I give to such One Dollar.

"I further direct that a sum not exceeding fifteen thousand dollars be paid to the Astor estate at the time of settlement, such sum to be paid in consideration of all expenses and faithful execution of this will.

"I have no debts.

"In witness whereof have set my hand and seal, this 4th day of August, in the year of our Lord one thousand eight hundred and sixteen.

"John Nicholas Emerick.    [Seal.]

"Witness: Daniel Lord, New York.

"Aug. fourth, 1816."

There was no accounting by John Jacob Astor, Sr., to John Nicholas Emerick during the latter's lifetime, either of the partnership or of the trusts declared in the written instrument of trust and in the will. Nor has there been any such accounting to the heirs, descendants, or personal representatives of

the two brothers, Christopher and Valentine Emerick, by John Jacob Astor, Sr., or by his heirs, descendants, legal or personal representatives or successors in trust.

In addition to the plaintiffs, the other descendants and heirs of Christopher and Valentine Emerick are in sympathy with and co-operating in this proceeding, and are so numerous as to make it impracticable to bring them all before this court. They have a common interest in the matter here in controversy, and this suit is brought by plaintiffs on their own behalf and on behalf of all the heirs and descendants of the said Christopher and Valentine Emerick. An accounting is sought in their behalf from the defendants as the representatives and successors in trust of John Jacob Astor, Sr. It further appears that the trust consisted of both real and personal property of great value. There is much else in the bill, including charges of fraudulent concealment and circumstances put forward to explain and excuse the great delay in bringing this suit. These matters are not considered material to the disposition of this motion.

Evans, Hunt & Rees, of New York City, Calvin I. Hoy, of St. Louis, Mo., Evan B. Lewis, of Philadelphia, Pa., Joseph Renard, of St. Louis, Mo., and Charles W. Letzgus, of Camden, N. J., for plaintiffs.

Taylor, Blanc, Capron & Marsh, of New York City (George S. Mittendorf and Ramsey Clayton, both of New York City, of counsel), for defendants Charles A. Peabody and Farmers' Loan & Trust Co.

Carter, Ledyard & Milburn, of New York City (J. M. Richardson Lyeth and Leslie D. Dawson, both of New York City, of counsel), for defendant William Vincent Astor.

THACHER, District Judge (after stating the facts as above). Both personally and as representatives of a class too numerous to be brought in, plaintiffs sue as heirs and descendants of Christopher and Valentine Emerick. They do not claim as heirs and next of kin of John Nicholas Emerick, nor does it appear who his heirs and next of kin were. To succeed, they must therefore trace their title through the trusts declared by John Nicholas Emerick during his lifetime, and confirmed in his will. If these trusts be void, this suit must fail, even if upon the allegations of the bill it could be said that the heirs and personal representatives or next of kin of John Nicholas Emerick were at one time entitled to an accounting from John Jacob Astor, Sr., as the trustee of the resulting trust or as the surviving member of a partnership.

The validity of the trust is to be determined by the common-law rule against perpetuities which prevailed in Pennsylvania and in New York prior to the death of John Nicholas Emerick. Unless it was intended that descendants of the two brothers living when the trust was created should then take a vested interest in the trust property which they could immediately alienate, and which upon their deaths would pass to their representatives (see Conklin v. Conklin, 3 Sandf. Ch. [N. Y.] 70, and Tucker v. Bishop, 16 N. Y. 402), the gift over, limited as it was upon the termination of a prior estate in trust for 90 years, was clearly invalid at common law. Hillyard v. Miller, 10 Pa. 326; Johnston's Estate, 185 Pa. 179, 39 A. 879, 64 Am. St. Rep. 621; Gerber's Estate, 196 Pa. 366, 46 A. 479; Curtis v. Lukin, 5 Beav. 147; Palmer v. Holford, 4 Russell, 403; Speakman v. Speakman, 8 Hare, 180; Baker v. Stuart, 28 Ont. 439.

Intention that the descendants of the two brothers living when the trust was created should take no vested interest in the estate is apparent on the face of the instruments. The simple purpose to tie up this estate for 90 years without providing for the support of any living person evinces a controlling desire to place beyond the reach of any living descendant of his two brothers any share in his estate whatsoever. Obviously the objects of his bounty were yet unborn. Indeed, it is not even alleged that any descendants of the two brothers were in being when the trust was declared. Not only in the scheme, but in the language of the gift, is the purpose to withhold the vesting of any interest made clear. In plain language, the gift itself is postponed until the 90 years have run. For it is said: "After which time said estate, together with the accumulations therefrom, shall be given to and divided between the descendants of my two brothers." Substantially the same phrase recurs in the will, and the provisions of both instruments contemplate a determination of the descendants of the two brothers living when the 90 years have passed so that distribution may then be made to them. There was no immediate grant. The expiration of 90 years was the event which was intended to indicate which of the brothers' descendants were to take, and their taking was made contingent upon their surviving that period. The only gift was of the estate together with the accumulations after the period of accumulation had passed. Futurity was thus annexed to the substance of the

gift, and the vesting of the remainder was intentionally suspended for 90 years. Matter of Crane, 164 N. Y. 71, 58 N. E. 47.

It would indeed be grossly repugnant to the whole scheme to say that the donor intended to vest any interest in descendants of his two brothers living when the trust was declared, which they might alienate during the period of accumulation. Resort to rules of construction is futile, because the rule of intention overrides all such. Robinson v. Martin, 200 N. Y. 159, 167, 93 N. E. 488. The gift over is therefore void, and the gift in trust also fails because its only purpose was accumulation for the ultimate donees who took nothing. Thorndike v. Loring, 15 Gray (Mass.) 391; Baker v. Stuart, supra; Gray, "Rule against Perpetuities," §§ 242, 671, 674.

It follows that upon the death of John Nicholas Emerick his heirs and next of kin succeeded to his estate, including the right, if any there was, to an accounting of the property here in question; and the plaintiffs have no standing, as they do not claim under them. This conclusion results in the dismissal of the complaint, with costs, and makes unnecessary the consideration of any other question presented.