## STATE SAV. LOAN & TRUST CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4846.

Circuit Court of Appeals, Seventh Circuit.

Feb. 22, 1933.

Robert Ash, of Washington, D. C., for petitioner.

G. A. Youngquist, Asst. Atty. Gen., Sewall Key and Hayner N. Larson, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., and O. W. Swecker, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before ALSCHULER and EVANS, Circuit Judges, and FITZHENRY, District Judge.

### EVANS, Circuit Judge.

This appeal involves deficiency income tax assessments for the years 1926, 1927, and 1928. Petitioner was taxed as trustee under a trust indenture created by one Gardner and his wife for the benefit of their nine grandchildren. The issues arise out of and are determined by a construction of the trust agreement. It is petitioner's contention (1) that the trust instrument created not one, but nine separate trusts, one for each of their nine grandchildren respectively, and (2) that petitioner, as trustee, was unqualifiedly required to pay over the income to the beneficiaries. The board held that but one trust had been created and that the income was taxable to the trustee because he was endowed with discretion as to distribution of the trust income to the beneficiaries.

The Revenue Act of 1926, § 219 (a), 26 USCA § 960 note, provides that the tax shall be assessed upon income of property held in trust when such income may, in the discretion of the fiduciary, either be distributed to the beneficiaries or accumulated.

The trustee made no distribution of income during 1926–1928, the years in question. Only one income tax return was filed for the trust in both 1926 and 1927, but nine separate returns were filed in 1928.

Material portions of the trust indenture are set forth in the margin verbatim.[1]

[1] That the said parties of the first part for and in consideration of the promises and agreements hereinafter mentioned on the part of said party of the second part to be performed, * * * have transferred, assigned and delivered to said Trustee, * * * 809 and 811 shares * * * of the common stock of the Gardner Governor Company, * * * said securities and stock to be held by said party of the second part and its successor or successors in trust, for the following uses and purposes.

Said trustee hereunder shall receive and hold said property to it hereby assigned and transferred in its own name and shall * * * decide all questions that may * * * arise by reason of its ownership of said property or of any other money, property or securities that may hereafter be added to the trust fund hereby created, keeping all moneys coming into its possession from the body of said trust estate by reason of the sale of said securities or other property it may at any time hold in connection with this trust, at all times invested * * *.

It is understood and agreed that said parties of the first part are creating the trust estate provided by this agreement for the equal benefit of their grandchildren, Helen G. Rogers, Eleanor Rogers, Edward A. Rogers, Katharine G. Gardner, J. Willis Gardner II, Joseph E. Gardner, Stephen B. Botsford, Robert G. Botsford, Peter Fleischmann, and that all directions herein given for the payment of income or body of the trust estate shall be subject to the provision that each of said grandchildren have an equal beneficial interest in the trust estate hereby created and in the net income produced by said interest and that all provisions hereinafter made for the payment of income and body of the trust estate to said grandchildren and to those who may represent them after their decease, shall have reference only to the interest which said grandchildren had in and to the body of the trust estate and the income therein.

Said trustee shall pay all or part of the net income on the trust estate hereby created for the education, comfort and support of said grandchildren whenever in the judgment of said trustee it is for the best interest of said grandchildren or any of them so to do. * * * Such payments shall continue to be made for the benefit of said grandchildren until they respectively arrive at the age of thirty years; and as each of said grandchildren arrive at the age of thirty years, said trustee shall pay to him or her one-third of the trust estate in which said grandchild has a beneficial interest and after such distribution shall pay the net income received on the remainder of the trust estate in which said grandchild has a beneficial interest to said grandchild until it arrives at the age of thirty-five years, at which time said trustee shall pay to said grandchild a one-half part of the trust estate then in its possession, in which such grandchild has a beneficial interest and after said last mentioned distribution shall pay to said grandchild the net income received on the remainder of the trust estate in which such grandchild has a beneficial interest until it attains the age of forty years, at which last mentioned time said trustee shall pay over and distribute to said grandchild so attaining the age of forty years, the remainder of the trust estate in which it then has a beneficial interest as its absolute property.

Should any of said grandchildren die before receiving the whole of the trust estate and income thereon, herein directed to be paid to him or her, said trustee, * * * shall pay such part of the trust estate and income thereon then undistributed to the heirs of his or her body, the survivor or survivors thereof, * * * and should either of said

■ The intention of the settlors as disclosed by the provisions of the instrument, is largely controlling in the construction of the indenture. Hubbell v. Burnet (C. C. A.) 46 F. (2d) 446; Stark v. U. S. (D. C.) 14 F. (2d) 616; Carnahan v. Peabody (D. C.) 29 F. (2d) 412; Highland Park Mfg. Co. v. Steele (C. C. A.) 232 F. 10; Mercer v. Buchanan (C. C.) 132 F. 501.

■ It seems to us that the settlors intended to create but one comprehensive trust in which each of the beneficiaries was to have a one-ninth beneficial interest. Likewise, it seems rather clear that the net income derived from said trust estate was to be distributed to the beneficiaries only as in the trustee's judgment it was deemed best to do so.

The terminology of the trust instrument indicative of a single trust is: "The trust fund," "the body of said trust estate," "the trust estate," "one-third of the trust estate in which said grandchild has a beneficial interest," "the trust agreement," and "the whole of that part of the trust estate in which said heir has a beneficial interest." The only provision which might be interpreted as refuting this evidence is the following: "Any beneficiary under this agreement * * * shall have the right to designate as trustee of that part of said trust fund in which they are interested, any trust company, * * * the trustee * * * shall deliver to the trust company so named * * * all assets of every kind * * * belonging to that part of said trust estate in which the beneficiary making the designation is entitled to the income, and the trustee shall make proper assignments and conveyances necessary for the complete transfer to the new trustee of all assets in its possession in which the beneficiary making such designation then has a beneficial interest * * *."

There is nothing to show that any beneficiary ever made use of this provision. It is possible that if a beneficiary elected to avail himself of this right, he would have caused a severance of the trust estate as to his interest, but it is not necessary for us now to consider that contingency.

The fact that for two years the trustee so interpreted the instrument is somewhat persuasive.

The trustee was given discretion as to the distribution of the income. Note the follow-

---

grandchildren die leaving no heirs of the body, all of the other grandchildren above mentioned being deceased leaving no heirs of the body them surviving, then said trustee shall pay said trust fund and undistributed income thereon, in which the one so dying has a beneficial interest to the said parties of the first part or the survivor thereof and if neither of them be living then to the heirs at law of said parties of the first part, per stirpes and not per capita. * * *

Should it transpire in the execution of this agreement that the withholding of any part of the body of the trust fund * * * or income thereon, violates the rule against perpetuities, or any other law established in the State of Illinois, the United States or any other state or country to which this trust fund may be transferred, * * * then in that event said trustee is directed to transfer and pay over to any beneficiary hereunder, the withholding of whose interest in the body of the trust estate or income thereon violates such rule or law, all that part of such income or body of the trust estate that may be necessary to prevent the violation of such rule or law at a time that will prevent the violation of such rule or law.

No beneficiary under this agreement shall have the right or power to anticipate, sell, assign, encumber, charge or dispose of by way of anticipation or otherwise, the income or part of said trust fund which shall at any time be payable to him or her, and notwithstanding any such charge, sale, assignment or other disposition, said trustee shall pay such income and trust fund into the proper hands of the beneficiary entitled to same. * * *

Any beneficiary under this agreement, during the period in which they shall be entitled to any part of the income or have a present beneficial interest in the body of said trust fund, shall have the right to designate as Trustee of that part of said trust fund in which they are interested, any trust company, organized under the laws of any state, the United States or the laws of any foreign country, * * * the trustee shall deliver to the trust company so named as its successor, all assets of every kind and character in its possession, belonging to that part of said trust estate in which the beneficiary making the designation is entitled to the income, and the trustee shall make proper assignments and conveyances necessary for the complete transfer to the new trustee of all assets in its possession in which the beneficiary making such designation then has a beneficial interest, and upon receipt from said successor trustee, of receipt for the trust estate the trustee shall be thereafter dicharged from further performances of this trust and all liability hereunder * * *.

Said parties of the first part or any other person shall have the right to at any time deliver to said party of the second part additional securities and property to become a part of and an addition to the trust fund hereby created, and on the delivery of such additional securities and property, a receipt therefor showing that same are received by said Trustee for the purpose of becoming a part of the trust fund hereby created shall be given, and such additional securities and property shall be taken, held and disposed of by said party of the second part as trustee, in the same manner as the trust fund first above described.

Said trustee shall have the right, as it deems to the best interest of the trust hereby created, to invest the funds of said trust * * *.

Said trustee shall render to all beneficiaries then interested in the income or body of the trust fund hereby created, on the first day of May in each year, an itemized report of all transactions in this trust, including inventory and description of all securities

and property belonging to the estate, or that part thereof in which such beneficiaries may be interested * * *.

All the covenants, conditions and provisions of this agreement shall extend to and be binding upon any successor or successors in trust to the said party of the second part, who shall come into possession of any part of the trust fund hereby created, either by the election of beneficiary as hereinbefore provided or otherwise. * * *

ing provision of the indenture: "Said trustee shall pay all or *part* of the net income on the trust estate created for the education, comfort and support of said grandchildren *whenever in the judgment of said trustee* it is for the best interest of said grandchildren or any of them so to do."

The order of the Board of Tax Appeals is affirmed.