## LANGFORD INV. CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7422.

Circuit Court of Appeals, Fifth Circuit.
April 24, 1935.

Harry C. Weeks, of Wichita Falls, Tex., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., Jos. M. Jones, Sewall Key, J. Louis Monarch, and John MacC. Hudson, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This case involves deficiency income tax assessments for the years 1924, 1925, 1926, 1928, and 1929, made against the petitioner, the successor trustee under an instrument executed by P. P. Langford and his wife on November 6, 1920. By that instrument, as appears therefrom, the grantors, "for and in consideration of the sum of ten dollars to us cash in hand paid by" the grantee, "and for the love and affection we bear to our children," conveyed to the grantee their undivided one-third interest in described properties. Other provisions of that instrument which are material to questions now presented are set out in the margin.[1] During the taxable years involved, the named beneficiaries were minors, and the trust property was held by the trustee. For the years 1924 and 1925, the income from the

---

[1] "This conveyance is made to the said Trustee for the use and benefit of the following named persons, and in the following proportions to each:

"An undivided one-third interest in said property in trust for Pierce P. Langford, Jr. An undivided one-third interest in said property in trust for Benjamin H. Langford. An undivided one-third interest in said property in trust for Sarah Elizabeth Langford and will vest in the Trustee, for the benefit of said beneficiaries each an undivided one-ninth interest in the whole of the above described properties.

"The Trustee herein named, and its successors or substitute in this Trust, are hereby given authority and power to sell and convey any or all of said trust estate above described, at any time said Trustee, or its successor or substitutes, sees fit, and upon such terms and conditions as the said Trustee, acting by and through its duly qualified officers, may seem just and proper, granting to the said Trustee full power and authority to make all contracts of any kind or character for the management and operation of said property, to mortgage said property, to reinvest the funds received from the sale of said property, and to do everything necessary or proper in the judgment and discretion of said Trustee, for the faithful management, sale, disposition and handling of said Trust Estate. * * *

"The Trustee herein shall have the power and authority at its discretion, to expend and use the income from said trust estate for the maintenance, education and support of said beneficiaries.

"This Trust Estate shall cease and determine, as to each beneficiary interested therein, when said beneficiary, and each of them, arrive at the age of twenty-five (25) years, and the Trustee, thereupon, shall deliver to such beneficiary, who arrives at such age of twenty-five (25) years, said beneficiaries interest or proportion of the Trust Estate hereby created, and from such time said beneficiary shall have full power and authority to dispose of said estate as they see fit. Upon the date of the arrival of said beneficiary, and each of them, at the age of twenty-five (25) years, and Trustee shall convey, assign, transfer and deliver to said beneficiary, and each of them, their respective proportions of said Trust Estate hereby created, which shall vest, however, in said beneficiary or beneficiaries at that time regardless of whether or not the transfer and delivery thereof is made. Provided, however, that in the discretion of the Trustee, it may deliver to said beneficiaries, or either of them, its or their respective proportions of the Trust Estate hereby created, at or after the time said beneficiary arrives at the age of twenty-one (21) years, but this provision is not mandatory upon the Trustee, but is solely upon its sound discretion but it is mandatory to deliver to said beneficiaries the trust estate hereby created at the time said beneficiaries, and each of them, arrive at the age of twenty-five (25) years.

"In the event of the death of either of the beneficiaries before they reach the age of twenty-one years said beneficiary's interest in said Estate shall vest in the surviving beneficiaries in equal proportion, but if only one survive, then the said estate shall, nevertheless, be held in trust for said beneficiary, or in the event of the death of all of said beneficiaries before the distribution of said Trust Es-

trust property was reported on individual returns of the beneficiaries, each reporting one-third of the income for those years. For the years 1926, 1928, and 1929, fiduciary returns were filed, on which was reported the one-third interest of each beneficiary in the income, or loss, of the trust. No tax was paid by the trustee for any of those years. The Commissioner determined that the income from the properties included in the trust instrument should be taxed as that of one trust, and made deductions for the amounts distributed to the beneficiaries, various sums having been expended by the trustee from time to time for the separate use and benefit of the three named beneficiaries. Those amounts were unequal as between the three named beneficiaries. All such sums have been charged upon petitioner's books as advances to the beneficiaries for whose benefit, respectively, the sums were spent, to be adjusted and taken into consideration in determining the interest of each beneficiary upon termination of the trust. The Commissioner disallowed a deduction claim, which is hereinafter described and dealt with. The above-mentioned actions of the Commissioner were approved by the Board of Tax Appeals.

■■■ Applicable statutes impose a tax upon the income of estates or any kind of property held in trust, including income which in the discretion of the fiduciary is to be distributed to the beneficiaries or accumulated, the net income to be computed in the same manner and on the same basis as in the case of an individual, and the fiduciary is required to make an annual return for every estate or trust having net income of $1,500, or gross income of $5,000. Sections 219, 225, Revenue Acts of 1924 and 1926, 26 USCA §§ 960, note, 966 and note; sections 143, 161, 162, Revenue Act of 1928, 26 USCA §§ 2143, 2161, 2162. The determination of the Commissioner, approved by the Board of Tax Appeals, that the income from the property held under the trust instrument was taxable as that of one trust, is challenged on the ground that that instrument created a separate trust in favor of each of the three named beneficiaries, and that a proportionate amount of the income of all the properties was tax-

able against each of three trusts. An intention of the makers of the trust instrument to create more than one trust is nowhere disclosed or indicated. The beneficial interest conferred on each of the three named children of the settlors was an undivided interest in all the property conveyed, not sole beneficial ownership of a separate, segregated, and identified share or portion of that property allotted to the three children severally. Throughout the trust instrument what was intended to be created was referred to as a single trust. The conclusion that the settlors contemplated the creation of more than one trust is clearly negatived by the repeated use in the trust instrument of such language as "this trust," "the trust estate hereby created," and by the provision: "This trust estate shall cease and determine, as to each beneficiary interested therein, when said beneficiary and each of them, arrive at the age of twenty-five (25) years, and the Trustee, thereupon shall deliver to such beneficiary, who arrives at such age of twenty-five years, such beneficiary's interest or proportion of the Trust Estate hereby created, and from such time said beneficiary shall have full power and authority to dispose of said estate as they see fit." On the question whether the settlors created one or more trusts, their intention, disclosed in the instrument creating the trust, is controlling. Under the terms of the trust instrument now under consideration, each of the named beneficiaries, subject only to the contingencies of the beneficiary reaching the age of twenty-five years, and of a subsequently born child of the settlors becoming a beneficiary, acquired a beneficial interest, equivalent to a legal fee simple, in all the property held by the trustee, not a segregated, identified part of that property prior to the division and allotment provided for upon the beneficiary reaching the age of twenty-five years. The undivided interest conferred on each of the named beneficiaries was substantially the same as it would have been if the instrument had conveyed that property to the grantee, in trust for the benefit of those three persons. When a deed conveys property to a grantee, in trust for the benefit of two or more named persons, and the instrument is silent as to the interest

---

tate, as hereinbefore provided, then the said Trust Estate shall pass and descend to the legal heirs of said beneficiaries, according to the laws of descent and distribution then in effect in this State. * * *

"Any children which may be born to the said P. P. Langford and wife, Lulu Langford, during their wedlock, shall share equally, share and share alike, under this trust, with the children named herein and upon the same terms. * * *"

each beneficiary is to take, the presumption is that their interests are equal. Loring v. Palmer, 118 U. S. 321, 6 S. Ct. 1073, 30 L. Ed. 211. The terms of the instrument now in question show that the settlors intended to create one trust, and made certain that the interest conferred on each named beneficiary was an undivided one-third interest in all the property conveyed, not a right to a segregated, identified portion of that property prior to the beneficiary reaching the age of twenty-five years. State Sav. Loan & Trust Co. v. Commissioner (C. C. A.) 63 F.(2d) 482; Johnson v. United States, 65 Ct. Cl. 285. The ruling to the just stated effect was not erroneous.

The trustee's income tax return for the year 1928 claimed a deduction from the gross income of the trust estate, as a loss sustained, of the amount of the value, $836,089.94, of property held by the trustee which he surrendered during that year. A stipulation of the parties shows as follows: At the time the trust instrument was executed, P. P. Langford was, and for some time had been, a member of a partnership, the American Refining Company, and by reason of various indorsements and guaranties, then was liable for all of the partnership's debts aggregating several hundred thousand dollars, and, through indorsements and guaranties, he became liable for a large portion of the indebtedness of the American Refining Company, Inc., which was organized in 1921. The partnership and the corporation became heavily involved financially, and, in August, 1927, the property of the partnership and the corporation, and also the properties of the individuals who were members of the partnership and stockholders of the corporation, were placed in the hands of a receiver by court order. The receivership included the personal estates of P. P. Langford and his wife. The receiver, not finding sufficient assets in the personal estates to meet the claims of creditors threatened suit to set aside the above-mentioned trust deed, which conveyed P. P. Langford's interest in the partnership assets, and to subject the assets then held by the trust to the payment of claims of creditors. Following negotiations, the trustee submitted a proposition of settlement, and in March, 1928, the settlement was agreed upon, was approved by the court, and in pursuance thereof the trustee surrendered to the receiver assets the former held as trustee amounting to $836,089.94, and in consideration thereof the receiver released the trust estate from all obligations held by the creditors' committee, and agreed to dismiss the bankruptcy petition pending against P. P. Langford. Immediately preceding this settlement, the net worth of the trust, as shown by its books, was approximately, $1,500,000, the assets consisting principally of cash, notes, and accounts receivable, ranches, leases, and royalties, stocks, and bonds.

Other than what was disclosed by the above referred to part of the stipulation, there was no showing in support of the claim that the trust was entitled to the deduction in question. While the stipulation does not state the reason or ground for the surrender by the trustee of property which was held as part of the trust estate, as that surrender was made to a receiver representing creditors of a settlor, and followed threats of the receiver to have the trust deed declared invalid and to subject assets held by the trustee to the payment of claims against P. P. Langford, the surrender of assets indicated a recognition or admission by the trustee that the amount of assets surrendered was subject to be applied to the payment of indebtedness owing by a settlor of the trust.

The applicable statute, section 23 (e), Revenue Act of 1928, 45 Stat. 799, 26 US CA § 2023 (e), provides that in computing net income there shall be allowed deductions for losses sustained during the taxable year, (1) if incurred in trade or business, (2) if incurred in any transactions entered into for profit, though not connected with the trade or business, or (3) of property not connected with the trade or business, or if the loss arises from fires, storms, shipwreck, or other casualty, or from theft. The deduction now in question being the amount of the value of certain assets held by the trustee which were surrendered in 1928 to the representative of creditors of the settlors in settlement of debts of the settlors existing at the time the trust was created, it is apparent that the deduction in question was not allowable under either class (1) or class (3) described in the statute, as nothing in the record indicates that the taxpayer, the trust, was engaged in any trade or business or that a loss was suffered in connection with any trade or business or arose from theft, or from fires, storms, shipwreck, or other casualty. The question then is: Was what was relied on to support the deduction in question, viz., the surrender by the trustee of property held as part of the trust estate, a loss incurred in a transaction entered into for profit?

For a claimed deduction to be allowable, it must be authorized ' by statute, whether and to what extent deductions from gross income shall be allowed being dependent upon legislative grace; and only as there is clear provision therefor can any particular deduction be allowed. New Colonial Co. v. Helvering, 292 U. S. 435, 54 S. Ct. 788, 78 L. Ed. 1348. It is well settled that the determination of the Commissioner is prima facie correct, and the burden is upon the taxpayer claiming a deduction disallowed by the Commissioner not only to prove that the Commissioner erred, but also to establish his right to the deduction and the amount thereof. Old Mission Portland Cement Co. v. Helvering, 293 U. S. 289, 55 .S. Ct. 158, 79 L. Ed. ——; Helvering v. Taylor, 293 U. S. 507, 515, 55 S. Ct. 287, 79 L. Ed. ——. The burden was on the taxpayer, the petitioner, to prove that what was relied on to sustain the deduction in question was a transaction entered into for profit, and that a loss was incurred in that transaction. Burnet v. Huff, 288 .U. S. 156, 53 S. Ct. 330, 77 L. Ed. 670; United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 47 S. Ct. 598, 71 L. Ed. 1120. The substance of what was shown in the attempt to support the deduction claimed was that at the time the trust instrument was executed voluntarily or for a merely nominal consideration the settlor who up to that time owned the property conveyed was heavily indebted; that, upon the representative of creditors of the settlors asserting the claim that the trust instrument was invalid and threatening to subject assets held by the trustee to the payment of debts owing by the settlors to their creditors, the trustee surrendered to such representative assets the former held as trustee, of the value of the sum claimed as a deduction, and that the creditors, by their representative, in consideration of such surrender, released the trust estate from all obligations of the settlors to their creditors. What was shown included nothing having the semblance of a transaction entered into for profit. All that was shown by evidence or stipulation was consistent with a finding that what was so surrendered was only so much of the estate held by the trustee as, by reason of the trust instrument being void as to creditors of the settlors, was, at the time the trust was created, subject to be applied to the payment of debts of the settlors. Facts admitted required the conclusion that the trust instrument was void as against those to· whom the settlors were indebted at the time that instrument was executed. A result was that the property conveyed by that instrument came to the grantee, the trustee, charged with the amount of debts owing by the settlors. It was not shown that the value of the assets of the trust estate surrendered by the trustee exceeded the amount of the debts to the satisfaction of which property conveyed by the trust instrument was subject to be applied. By the transaction shown a loss to the trust estate was not incurred if the value of what was surrendered was not more than the amount of debts to which the trust estate, at the time it was created, was subject to be applied. The trust estate came into the possession of the trustee charged with those debts. It was not proved that the part of the trust estate which at any time the trustee was entitled to retain or withhold from creditors of the settlors was diminished by the surrender of assets shown by the stipulation. A trust estate cannot properly be regarded as sustaining a loss by the trustee's surrender to creditors of the settlor of only so much, or less, of the property conveyed to him by the trust instrument as is subject to be applied to the payment of debts of the settlors to those creditors. The evidence fell short of proving that the transaction relied on to support the deduction in question was entered into for profit or that in that transaction the trust estate incurred a loss. The petitioner failed to carry the burden of proving that the action of the Commissioner in disallowing that deduction was incorrect. The petition is denied.