## WYNNE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7408.

Circuit Court of Appeals, Fifth Circuit.
April 24, 1935.

Harry C. Weeks, of Wichita Falls, Tex., for petitioners.

Frank J. Wideman, Asst. Atty. Gen., Joseph M. Jones and Sewall Key, Sp. Assts. to Atty. Gen., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Shelby S. Faulkner, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

The petitioners, trustees under an instrument which conveyed to them certain properties, in trust for the use and benefit of three named minors in portions of a one-third interest to each beneficiary, complained of income tax deficiencies assessed against them for the years 1924, 1925, and 1926, for which years the petitioners made no returns of income of the trust estate. The petitioners contended that the trust instrument created three trusts, and that the income was properly returned in returns made by each of the beneficiaries for each of those years, each of which returns covered one-third of the year's income from the trust estate to which the beneficiary in whose behalf the return was made was entitled. The Board of Tax Appeals sustained the action of the respondent. After that tribunal had so decided, the petitioners objected to the settlement of the deficiencies proposed by the respondent on the ground that the proposed deficiencies should be reduced by the amounts paid in pursuance of the returns made in behalf of the beneficiaries for the years in question. In support of that objection the petitioners alleged that the payments in pursuance of the returns of the beneficiaries were made from trust funds, that said beneficiaries had no other income, and that claims for the refunding of the sums paid pursuant to said returns of the beneficiaries were duly filed, but action upon said claims was withheld pending the determination of this cause. The just mentioned allegations were admitted by the respondent. The Board of Tax Appeals overruled the objection of the petitioners to the settlement of deficiencies proposed by the respondent.

The facts pertinent to the question whether the trust created one trust, or a plurality of trusts, are not, and are not claimed to be, materially different from those passed on by this court in the case of Langford Investment Company v. Commissioner, 77 F.(2d) 468. Following the decision in the cited case, the rulings to the effect that instrument under which the petitioners are trustees created only one trust, and that the petitioners were chargeable with income tax deficiencies for the years in question, are approved.

In our opinion the contention that the amounts of deficiencies assessed against the petitioners should be reduced by the amounts overpaid by the beneficiaries of the trust is not sustainable. Section 284 of the Revenue Act of 1926 (44 Stat. 66, 26 USCA § 1065) provides that the balance of an overpayment of income tax "shall be refunded immediately to the tax-payer." The beneficiaries of the trust in question were not made parties to this proceeding, and, so far as appears, were not afforded an opportunity to be heard therein. The fiduciary and the beneficiary are entirely separate

tax entities. Abell v. Tait (C. C. A.) 30 F.(2d) 54, certiorari denied 279 U. S. 849, 49 S. Ct. 346, 73 L. Ed. 993. It would be quite anomalous to charge the Board of Tax Appeals with error in rejecting a proposal, made in a proceeding to which the refund claimant is not a party, to dispose of an allowed refund of the overpaid amount of income taxes otherwise than by paying that amount to the taxpayer who made the overpayment and claimed the refund. The right to the amounts subject to be refunded, as between the trustees, the petitioners, and the trust beneficiaries who filed the claims for refunds, is not a matter properly for determination in this proceeding.

No ruling complained of was erroneous. The petition is denied.