**McGINLEY v. COMMISSIONER OF INTERNAL REVENUE.**

No. 7793.

Circuit Court of Appeals, Ninth Circuit.
Dec. 20, 1935.

Lawrence Tarlton, of Fort Worth, Tex., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Berryman Green, and Maurice J. Mahoney, Sp. Assts. to the Atty. Gen., for respondent.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

MATHEWS, Circuit Judge.

Petitioner, as trustee for five minor children of herself and William McGinley, under a trust instrument executed by William McGinley on February 1, 1926, received as income, in the year 1926, $75,000 and, in the year 1929, $39,999.70. In her fiduciary return of income for each of those years, petitioner reported the total amount of income received, but treated it as having been received under five trusts, instead of one, one-fifth of the total being treated as the separate income of each trust. Taxes were paid on that basis for the year 1926, the aggregate amount thereof being less, of course, than it would have been had petitioner treated the income in question as that of a single trust. For 1929 no tax was paid, one-fifth of that year's net income being within the exemption allowed by law. The Commissioner of Internal Revenue held that there was but one trust. He accordingly determined tax deficiencies aggregating $8,759.97. His determination was sustained by the Board of Tax Appeals. The board's decision is before us for review.

The only question in the case is whether the instrument executed by William McGinley on February 1, 1926, created five trusts or one. This instrument, called a "declaration of trust," is, in fact, a trust deed. It reads as follows:

"Know all men by these presents that I, William McGinley, of the Village of Wilmette, County of Cook, State of Illinois, in consideration of the sum of One Dollar ($1.00) to me paid by Gertrude McGinley hereinafter named Trustee herein, the receipt whereof is hereby acknowl

edged and in further consideration of the love and affection which I bear to my children hereinafter mentioned, and in consideration of the trusts herein contained, hereby give, assign and transfer irrevocably unto said Gertrude McGinley in trust as hereinafter provided 12,500 shares of the capital stock of the Fulton Oil Company, and 12,500 shares of the capital stock of the Rice Oil Company, corporations duly organized and existing under the laws of the State of Montana.

"To have and to hold the said shares of stock unto said Gertrude McGinley, and any other Trustee or Trustees who may at any time be appointed to carry out the trusts hereunder, all hereinafter referred to as my Trustees, in trust, to hold said shares of stock, to collect all the income and dividends thereof and after paying therefrom any taxes or other public charges and any necessary expenses of carrying out these trusts, to invest and re-invest the residue thereof as part of the original trust estate.

"The said trustee shall act at all times without bond; and shall have the right to sell, trade or transfer any part or all of the trust estate herein created at any time as the same may seem expedient, and may loan or re-invest the proceeds of sale in other stock or bonds as may best serve the interest of the trust estate.

"My said Trustees shall divide said trust estate hereby created into five (5) equal shares, one (1) share to be held in trust for each of my five (5) children, Thomas K. McGinley, John Jacob McGinley, Mary Emily McGinley, Richard McGinley and Jane McGinley.

"When any one of my said children shall have arrived at the age of twenty-one (21) years my said Trustee shall pay over to said child the income on his share of said trust estate until he shall have attained the age of thirty-five (35) years whereupon my said Trustee shall pay and deliver over to said child his share of the principal of said trust estate.

"Should any of my said children die without leaving issue before attaining the age of thirty-five years, then the share of the child so dying shall be divided into as many parts as I have children then surviving, and one part shall be added to the share of each of the children so surviving; it being further provided that the living issue of any child so dying shall have the parent's share.

"In event of the death of Gertrude McGinley, Trustee herein mentioned, I, William McGinley if living shall become automatically trustee of the trust estate herein created; and if I should be not living at the time of the death of Gertrude McGinley, then my brother John L. McGinley, if living shall automatically become Trustee of the trust estate herein created; and should the said John L. McGinley be not then living, then the American Trust Company of St. Louis, Missouri, shall become automatically the trustee thereafter until the termination of the said trust."

■ This instrument created one trust, not five. Langford Investment Co. v. Commissioner (C.C.A.5) 77 F.(2d) 468, 470; Wynne v. Commissioner (C.C.A.5) 77 F.(2d) 473; Commissioner v. United States Trust Co. (C.C.A.2) 75 F.(2d) 973, 976; State Savings Loan & Trust Co. v. Commissioner (C.C.A.7) 63 F.(2d) 482, 484.

■ William McGinley, called as a witness for petitioner, testified "that he had two intentions in executing the trust instrument here in question; first, and most important, was to leave an estate for each one of the above children in equal amounts, so that they might have the income accruing thereto and the income be delivered to them as they became of age, twenty-one years; and the corpus of the trust, of the estate, was to be delivered to them when they were thirty-five years of age. That the second object in executing the trust was to avoid any more taxes from the earnings of that fund than was necessary, and that he attempted to split the trust into five separate parts making a separate, independent trust for each child and let each child use his or her part of the income, which was the next action which he understood was done."

This testimony was apparently disregarded by the Board of Tax Appeals, and, we think, properly so. It is true that, on the question we are considering, the trustor's intention is controlling, but this intention is to be ascertained, not from his testimony, but from the instrument which he executed. See authorities cited above. His intention, as evidenced by this instrument, was to create a single trust.

Judgment affirmed.