## FIDELITY UNION TRUST CO. v. KELLY (two cases).

District Court, D. New Jersey.
May 27, 1938.

Hood, Lafferty & Campbell, of Newark, N. J., by George H. Brown, of Newark, N. J., and Wood, Molloy & France, by Henry P. Molloy, and Melville J. France, all of New York City, for plaintiff.

Charles Stanziale, Asst. U. S. Atty., of Newark, N. J., W. Croft Jennings, Asst. U. S. Atty. Gen., and Jerome Carr, Asst. U. S. Atty. Gen., for defendant.

CLARK, District Judge.

█ The principle of law governing a decision of the above entitled cases is not disputed. As stated in what seems to be the most recent of the numerous reported cases of the Courts of Appeal, it is: "Whether the trust instrument creates one trust, as contended by the respondent, or two, as urged by the taxpayer, is important, because, if the taxpayer is right on this and other issues involved, its taxes are less than the asserted deficiency. Whether the instrument created one or two trusts depends upon the intention of the donor as derived from the terms there-

654

in expressed." Huntington Nat. Bank v. Commissioner of Internal Revenue, 6 Cir., 90 F.2d 876, at page 878. The hearing was, therefore, devoted to argument on its application to the instrument of the cases at bar. At that time we were inclined to the view that we were controlled by a case in our own circuit, Union Trust Company of Butler v. Commissioner of Internal Revenue, 3 Cir., 84 F.2d 386. We requested and have been furnished with the actual terms of the document there construed. Their comparison with those of the instruments in the principal cases convinces us that the cases are distinguishable.

Both instruments include preambles which, in our view, both establish that distinction and control the proper legal disposition of the respective cases. These preambles state the settlors' intention in unequivocal language reading:

"Whereas, it is the *intent* and *desire* of Thomas W. Phillips, Jr. of Butler, Pennsylvania, to create Trust Estates, * * *" Union Trust Co. v. Commissioner, supra.

"Whereas, the Grantor *desires* to create a trust of the contract, license agreement, * * *". The principal cases.

These forthright expressions of intention make it unnecessary to indulge in a nose count of plurals, etc., although such a count would in fact put the Butler instrument out in front.

We have said that the governing principle of law is well settled. That is so. If it were not, it might be interesting to reexamine it in the light of the latent ambiguity exception to the declaration of intention rule. Cf. Wigmore on Evidence, §§ 2471, 2473. Any change in the principle would rather inevitably result in a change in the statute. We illustrate by quoting from a recent case:

" 'That the second object in executing the trust was to *avoid any more taxes* from the earnings of that fund than was necessary, and that he attempted to split the trust into five separate parts making a separate, independent trust for each child and let each child use his or her part of the income which was the next action which he understood was done.'

"This testimony was apparently disregarded by the Board of Tax Appeals, and, we think, properly so. It is true that, on the question we are considering, the trustor's intention is controlling, but this intention is to be ascertained, not from his testimony, but from the instrument which he executed." McGinley v. Commissioner, 9 Cir., 80 F.2d 692, at page 693.

We may say that the predicated change in law is apt to ensue as soon as the trend of these decisions reaches the consciousness of the legal profession.

A decree and findings of fact and conclusions of law appropriate to our conclusion that the instrument of the cases at bar creates a single and not a multiple trust and that the tax was therefore properly assessed will be entered and filed on notice.