The **FORT WORTH NATIONAL BANK**,
Trustee, Plaintiff,

v.

The **UNITED STATES** of America,
Defendant.

Civ. A. 3074.

United States District Court
N. D. Texas, Fort Worth Division.

Jan. 5, 1956.

Stone; Agerton, Parker & Kerr, Fort Worth, for plaintiff.

Heard L. Floore, U. S. Atty., Fort Worth, for defendant.

ESTES, District Judge.

This action was brought under Section 1346(a) (1) of Title 28 United States Code, to recover certain income taxes paid by the plaintiff as trustee. The parties submitted the case on an agreed statement of facts, briefs, and oral argument.

The plaintiff is a national banking association of Fort Worth, Texas, with full trust powers. At all pertinent times the plaintiff was the sole trustee under a trust deed executed on November 21, 1949 by Marvin C. Rall and his wife, Hilda Staude Rall. The trust deed was originally executed for the equal benefit of seven named grandchildren. Before any federal income taxes were due, an eighth grandchild was born, whereupon the trustors caused the existing trust funds to be valued and paid over to the plaintiff an additional sum equal to one-seventh of this ascertained value since which time there have been eight beneficiaries.

The trust funds have at all times been invested in The Common Trust Fund of The Fort Worth National Bank, as permitted by the laws of The State of Texas. The trust funds are carried on the plaintiff's books in the plaintiff's name as trustee for the named beneficiaries, the name of the eighth beneficiary having been added when provided for as above stated. No funds have been expended for any beneficiary.

The plaintiff filed a timely single income tax return covering income on the trust funds for the years 1950, 1951 and 1952, taking a single $100 exemption for each year, and paid therewith the tax shown to be due under each return.

On April 6, 1954, the plaintiff filed separate claims for refunds for the three years in question on Treasury Forms 843. Each such claim was timely filed and was based on the same grounds as now claimed in this action. The plaintiff claimed and claims a total refund of $420 with legal interest as follows:

For 1950, $121.80, with interest from April 15, 1951.

For 1951, $142.80, with interest from March 15, 1952.

For 1952, $155.40, with interest from March 15, 1953.

The Commissioner of Internal Revenue disallowed each such claim by registered letter under date of June 14, 1955. This action was filed within the time required by law.

The sole controverted issue pertains to a construction of the trust deed set forth in the footnote * to this opinion.

---

* "1. We, Marvin C. Rall and wife, Hilda Staude Rall, of Fort Worth, Texas, hereinafter referred to as Trustors, in consideration of the trust herein created and of the other covenants and stipulations hereof, hereby Transfer and Deliver the sum of Thirty-Five Thousand ($35,000.-00) Dollars in cash to The Fort Worth National Bank, of Fort Worth, Texas, in trust, for the uses and purposes hereinafter stated, to be held, managed, invested and re-invested by the Bank as Trustee, and the income and principal thereof to be disposed of as hereinafter directed; and with respect to the trust and its assets, present and future, the Trustee shall have all of the powers, duties and obligations devolving on Trustees by the Texas Trust Act, as amended, and as it may be hereafter amended. The Trustee shall not be required to give bond as such, and having acted in good faith and with reasonable diligence it shall not be held liable for mistakes of judgment.

"2. This trust is created for the equal benefit of Trustor Marvin C. Rall's seven grandchildren, whose names and respective dates of birth are as follows:

(Here follow names and ages of seven grandchildren.)

"3. As each grandchild reaches the age of 21 years the Trustee shall pay over and deliver to him (meaning or her), in cash or in property or partly each, his then interest in the trust assets, taking into consideration any previous withdrawals for his benefit, whereupon the trust as to such grandchild shall terminate, and he shall have no further interest therein.

The plaintiff contends that the trust deed created eight separate trusts, and that therefore the plaintiff is entitled to eight one hundred dollar exemptions under Section 163(a)(1) of the 1939 Internal Revenue Code, 26 U.S.C. § 163(a) (1), rather than the one exemption which it reported on its returns. The Government contends that this trust deed created a single trust for the equal benefit of the several beneficiaries, and that therefore the plaintiff is entitled only to the one exemption which it reported on its fiduciary income tax returns each year.

■ Whether a trust deed creates one or more than one trust depends upon the intention of the trustor as it is expressed in the trust deed. As pointed out by the Court of Appeals for the Fifth Circuit: "On the question whether the settlors created one or more trusts, their intention, disclosed in the instrument creating the trust, is controlling."[1] Judge

"4. It is the hope of the Trustors that the net income of the trust will be allowed to accumulate and be added to the principal thereby greatly increasing the amount each grandchild will get on reaching the age of 21 years; but if in the opinion of the Trustee it is necessary or advisable to devote a part of the assets to the support, maintenance and education of one or more beneficiaries during minority the Trustee is given authority to do so. However, the Trustee shall not use for the benefit of any grandchild more than his pro rata of the assets of the trust, and if his pro rata is exhausted before he reaches the age of 21 years he shall have no further interest in the trust and shall receive nothing at that age or thereafter. The Trustee shall keep accurate records of any such advancements to a grandchild so that the above stipulation may be made effective.

"5. This trust is expressly made irrevocable, and neither Trustor shall ever hereafter have any right, title or interest in the trust or in its assets; and if by reason of the death of one or more of the beneficiaries the Trustors or either of them would otherwise inherit from him or them any interest in the trust or in its assets, Trustors and each of them hereby renounce such inheritance, and any interest in the trust or its assets that either or both of them might otherwise so inherit shall go to the deceased's other heirs at law, excluding Trustors therefrom, and they hereby assign and transfer to such others any interest that (they) might otherwise ever have in the trust or in its assets.

"6. However, Trustors and each of them reserve the right from time to time to transfer and deliver to the Trustee additional money or property for the benefit of the above named grandchildren and/or for the benefit of any grandchildren of theirs or of either of them that may be hereafter born; and if that is done such additional money or property shall automatically become a part of the

assets of the trust. If and as another grandchild or other grandchildren are born, and if Trustors or either of them elect to make further contributions to the trust and include him or them as beneficiaries thereof, in any and every such case Trustors or one of them shall cause the Trustee to value the assets of the trust at the time, and Trustors or either of them will then so transfer and deliver to the Trustee cash or property or both in such an amount that such additional grandchild will then have an equal interest therein with every other grandchild; and all other provisions hereof shall apply to the rights and interests of any such added grandchild or grandchildren the same as to those herein named.

"7. If any grandchild beneficiary hereof should die before reaching the age of 21 years his or her interest in the trust and in its assets shall go to and be ultimately owned equally by the surviving grandchildren, unless any such deceased grandchild should leave a child or children surviving him or her, in which event the trust shall continue in existence as to what would otherwise have been the interest of the deceased until such child or the youngest if more than one has reached the age of 21 years, at which time the trust as to them shall terminate and title to what would otherwise have been the interest of the deceased shall then vest in his or her child or children; provided, that in no event shall the trust remain in existence longer than 21 years after the death of the survivor of the seven grandchildren hereinabove named, at the expiration of which 21 years the trust shall terminate completely and title to the assets thereof shall vest in the respective beneficiaries in accordance with the stipulations hereof, regardless of the then ages of the child or children of a deceased grandchild."

1. Langford Inv. Co. v. Commissioner of Internal Revenue, 5 Cir., 1935, 77 F.2d

Walker then continues in this Langford opinion:

> "The conclusion that the settlors contemplated the creation of more than one trust is *clearly negatived by the repeated use in the trust instrument of such language as 'this trust,' 'the trust estate hereby created,'* and by the provision: 'This trust estate shall cease and determine, as to each beneficiary interested therein, when said beneficiary and each of them, arrive at the age of twenty-five (25) years, and the Trustee, thereupon shall deliver to such beneficiary, who arrives at such age of twenty-five years, such beneficiary's interest or proportion of the Trust Estate hereby created, and from such time said beneficiary shall have full power and authority to dispose of said estate as they see fit.'" (Italics supplied.)

The language used in the present trust agreement is almost identical to the language in the Langford case which the Court of Appeals for the Fifth Circuit held "clearly negatived" any conclusion that the settlors contemplated the creation of more than one trust. For example, the present trust agreement refers to: "This trust", "the trust herein created", and further provides, as did the trust in the Langford case:

> As each grandchild reaches the age of 21 years the Trustee shall pay over and deliver to him (meaning or her), in cash or in property or partly each, his then interest in the trust assets, * * * whereupon the trust as to such grandchild shall terminate, and he shall have no further interest therein.

In the present trust deed the trust is referred to in the singular in approximately twenty-two instances; never once does there appear a reference to more than one trust. This indicates that the trustors intended to create only one trust for the benefit of several beneficiaries, and while this is not conclusive, it is certainly to be considered in determining what was in fact created by the trust deed.

■ An important factor in ascertaining whether separate trusts have been created is the independence of each beneficiary's interest. This test is stated by Judge Learned Hand, in referring to each beneficiary's interest or "share" in a trust:

> "* * * no 'share' had any other feature in common with any other 'share.' Each had only one beneficiary, and he or she had no possible interest in any other 'share' while the *res* of that 'share' was held in trust at all. The death of any beneficiary put on unconditional end to any equitable ownership of that 'share.' "[2]

■ The plaintiff contends that under the terms of the present trust deed each beneficiary has no possible interest in any other beneficiary's "share" while the *res* of that "share" was held in trust at all. But this trust deed, and particularly paragraph 7 thereof, repels such a construction. It is apparent from the use in paragraph 7 of the terms "interest in the trust" and "shall go to and be ultimately owned" that the interest which was to go to the surviving grandchildren was the equitable ownership of the beneficiary, and not the legal title. Had the trustors meant for the interest of the deceased beneficiary to terminate and the legal title to pass, they could have accomplished their purpose easily by providing that the equitable interest should terminate as they did do elsewhere in the trust deed in other circumstances. Plaintiff argues that the use of the term "surviving grandchildren", rather than "surviving beneficiaries", and the provision which prohibits a ben-

468, 470; See also Hale v. Dominion Nat. Bank, 5 Cir., 1951, 186 F.2d 374; McGinley v. Commissioner of Internal Revenue 9 Cir., 1935, 80 F.2d 692.

2. McHarg v. Fitzpatrick, 2 Cir., 1954, 210 F.2d 792, 795.

eficiary from receiving anything in trust once he has exhausted his then existing share, compel a conclusion that each beneficiary has completely independent "shares". I cannot agree; the mere fact that there is a possibility that a portion of the interest of a deceased beneficiary may be received by someone other than a beneficiary or that some of the original beneficiaries possibly may not receive a part of another beneficiary's interest in trust is not decisive. The proper test is whether there is a possibility that a beneficiary *may* receive in trust a portion of the "share" of a deceased beneficiary, not that such must be an absolute certainty.

Plaintiff further argues that under the doctrine of "expressio unius est exclusio alterius" [3] the use of the word "unless" in paragraph 7 implies that the continuance of the trust was not intended in the clause referring to a beneficiary's death without issue, because the terms "the trust shall continue in existence" are expressly stated in the clause referring to a beneficiary's death with issue. From this plaintiff concludes that the sentence should be construed to read, and I paraphrase, "If a beneficiary dies without issue, his interest in the trust shall terminate and legal title shall be distributed to the surviving grandchildren, unless the beneficiary dies with issue, in which event his interest in the trust shall continue in existence for the benefit of such issue." In my opinion the word "unless" is not referring to the existence or non-existence of the trust in each clause, but instead is referring to the persons who will take in each instance, i. e., the surviving grandchildren or the surviving issue. This is substantiated by the fact that where the trustors intended that the trust terminate, they provided for termination in clear, express language, and further by the use of the phrase "be *ultimately* owned". So

construed the sentence might be paraphrased as: "If a beneficiary dies his interest in the trust shall pass in trust to the surviving grandchildren, unless the beneficiary dies with issue, in which event his interest in the trust shall continue in existence for the benefit of such issue."

Plaintiff relies upon McHarg v. Fitzpatrick [4] and United States Trust Co. of New York v. Commissioner of Internal Revenue.[5] Each of these cases is distinguishable from the facts of the present case. In the United States Trust Co. case the trust deed had been amended so as to "leave no doubt as to their [trustors] intention" to convert the original single trust into three separate trusts. The issue was whether it was possible without "a physical division" to create more than one trust in a single trust corpus. The Supreme Court held that this was possible, that "An undivided interest in property may constitute the corpus of a trust", and that under the clear terms of the amendments of the original trust agreement that it had been accomplished in that case. The amendments included such provisions as " 'The trust estate now held under said trust deed shall be divided into three separate and equal parts or shares' "; " 'of each of the three trust estates' "; " 'several trust estates' ", " 'received in any year from each separate trust estate' ".

The McHarg case also involved a clear expression in the trust deed that the corpus was to be divided into independent "shares". As shown by the excerpt from Judge Hand's opinion quoted earlier, the Court found that independent shares were in fact created. In the present case, there are not absolutely independent interests in the trust. In the Langford case the Court held that "On the question whether the settlors created one or more trusts, their intention, disclosed in the instrument creating the trust, is·

3. Southern Coast Corp. v. Sinclair Refining Co., 5 Cir., 1950, 181 F.2d 960; Morrow v. Morgan, 1877, 48 Tex. 304.

4. Supra, note 2.

5. 1935, 296 U.S. 481, 56 S.Ct. 329, 331, 80 L.Ed. 340.

controlling." [6] This language is interpreted, as meaning that the trustor's intention is to be ascertained from the trust deed as a whole. Certainly a mere recitation by the trustor that "I definitely intend to create only one trust", would not compel a conclusion that but one trust was created. A court would have to look to all of the provisions of the trust deed to determine if they support or rebut the recitation. On the other hand, it may not be said that such a recitation would be immaterial, since it would shed some light upon the interpretation of other provisions in the trust deed which were ambiguous.

 In any event, under the principles set forth in the Langford case the present trust deed must be held to have created only one trust because: (1) the intent is expressed to create only one trust, and (2) the other provisions of the trust deed fail to rebut this expressed intention.

Let the defendant prepare a judgment in accordance with this opinion.

---

6. Langford Inv. Co. v. Commissioner of Internal Revenue, 5 Cir., 1935, 77 F.2d 468, 470.