## RUML v. COMMISSIONER OF INTERNAL REVENUE.
### No. 49.

Circuit Court of Appeals, Second Circuit.
April 6, 1936.

Louis Mead Treadwell, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Norman D. Keller and Howard P. Locke, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The Commissioner refused to allow a deduction claimed by the petitioner in 1928 for a loss on the sale of stock. That created the deficiency. Neither the fact that a deductible loss was sustained nor its amount was disputed. The sole issue is whether the loss was deductible in 1928 as claimed by the petitioner or in 1929 as the Commissioner insisted and the Board of Tax Appeals decided.

In December, 1928, the petitioner owned 4,000 shares of the capital stock of North Central Texas Oil Company which he had purchased in that year, and which were deposited with the Guaranty Trust Company as collateral for a loan. He desired to sell that stock at the then market, and instructed his broker to do so, advising him how the shares were held as collateral, and telling him that there might be some delay in making delivery. His broker informed him that the stock would be sold, and that petitioner might make delivery to the broker at his convenience when he paid off the loan or substituted other collateral to release the shares.

The broker sold 4,000 shares of such stock in December, and credited the petitioner's account with the proceeds, which were less than what the petitioner had paid for the shares he owned. Petitioner obtained from the trust company 1,500 of his shares, and delivered them to the broker in December, 1928. That part of this loss sustained on the sale of those shares has been allowed as a deduction. In February, 1929, the petitioner paid the trust company loan, obtained the remaining 2,500 shares, and delivered them to the broker. The loss attributable to the sale of those shares was not allowed in 1928 on the ground that it was not sustained until 1929.

On January 1, 1929, the petitioner received a statement from the broker indicating that he was being carried short 2,500 shares of the stock, and upon inquiring what that meant, was told, "That is simply the way we carry it until you deliver it." The petitioner neither intended to make what is known as a short sale nor instructed his broker to do so, though he did direct his broker to sell the shares, leaving the broker free to make the sale as he might.

It is clear that the petitioner intended to sell the specific shares he owned and only those. If the broker made a short sale to his customer, it was for his own account, not for the petitioner who had authorized no short sale for his account. It seems to us clear that the transaction between the petitioner and the broker was a sale by the petitioner to the broker of the specific shares pledged to the bank, under an understanding with the broker that certificates therefor were to be later delivered. The result was that the petitioner became

bound in December, 1928, to deliver to the broker the shares sold to him. Actual delivery was not made that month, and so the transaction in that respect was not completed, but we are primarily concerned with whether or not the loss evidenced by the sale was realized within the meaning of that term as applied to income taxation. Losses must be realized before they are deductible. Weiss v. Wiener, 279 U.S. 333, 49 S.Ct. 337, 73 L.Ed. 720. But when the evidence of realization is a sale of personal property, it is not always necessary to deliver the property before there may be a deduction of a loss. It is enough that the obligation to deliver is so fixed that the loss is reasonably certain in fact and ascertainable in amount. Lucas v. American Code Co., 280 U.S. 445, 50 S.Ct. 202, 74 L. Ed. 538, 67 L.Ed. 1010. Here the transaction was so far advanced in December that the petitioner was bound to deliver the stock to the broker at a price which was then determined by the sale the broker made. That sufficed to make the loss certain and established the amount. Moreover, the intention of the petitioner and the broker being that the particular shares then owned by the petitioner should be delivered to the broker, it follows that title to them passed to the broker in December. Hoffman v. Commissioner, 71 F.(2d) 929 (C.C.A.2). The loss was accordingly all realized in 1928, and so was deductible in that year.

Decision reversed.