## LUCAS, Collector of Internal Revenue, v. FIDELITY & COLUMBIA TRUST CO.
### No. 7471.

Circuit Court of Appeals, Sixth Circuit.
May 13, 1937.

John G. Remey, of Washington, D. C. (Robert H. Jackson, J. Louis Monarch, Norman D. Keller, and Julian G. Gibbs, all of Washington, D. C., and Bunk Gardner and Oldham Clarke, both of Louisville, Ky., on the brief), for appellant.

William W. Crawford, of Louisville, Ky. (Charles W. Milner, of Louisville, Ky., on the brief), for appellee.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

HICKS, Circuit Judge.

Appellee sued to recover overpayments of income taxes for the years 1917 to 1926 inclusive. The amended petition avers that appellee as trustee for each of the three children of L. P. Ewald, deceased, to wit, Philip, Helen, and Sterling, and for each of the years involved, reported one-third of the total net income of the entire trust estate as taxable to each child; that the Commissioner determined that only the amount of the income actually paid under the terms of the will of L. P. Ewald to each of the children for each of the years involved was taxable to each of them and that the undistributed balance which remained in the hands of the trustee each year should have been reported as income of the estate and taxed as such; that the Commissioner accordingly assessed income taxes against the plaintiff as trustee of the estate for each of the years. These taxes were paid and this suit was brought to recover them.

The court sustained appellant's demurrer to the amended petition and on the former appeal by the present appellee [Fidelity & Columbia Trust Co. v. Lucas (C.C.A.) 66 F.(2d) 116, 117] the question involved was the construction of certain items of the will of L. P. Ewald which are set out in the opinion of the District Judge in the earlier proceeding [Fidelity & Columbia Trust Co. v. Lucas (D.C.) 52 F. (2d) 298] and need not be quoted.

The District Court had held that under the will the principal of the trust estate and all income therefrom until the time fixed for division constituted one estate and the plaintiff was liable for all income taxes thereon less income actually paid to the beneficiaries. This court reversed that decree, overruled the demurrer and remanded the cause.

In the opinion we set forth the contention of each party, saying: "If * * * it was intended that the amounts expended for the 'liberal maintenance and education' of each of the three children, until each in turn reached the age of twenty-one years, were to be aggregated and charged in bulk against the income of the residuary estate, without regard to which child or children were benefited thereby, and that any surplus income, over that expended for or paid to the several children, was not to be apportioned or held for the individual accounts of such children, but would become part of the principal of the original trust estate, then as to such surplus income the trustee must make an income tax return as the taxpayer and the government (in the person of the collector) must here prevail." On the other hand, we said: "If * * * the true intent was that each child should share equally in the income from the beginning, unrestricted possession and enjoyment of a part of it being merely postponed or deferred until such child reached the age of thirty years; that is, if it was the duty of the trustee to credit each child's account with one-third of the net income, and charge it with one-third of the general expenses in which such child shared, and, in addition, with whatever sums the trustee had expended for that child's sole use, or had paid to him or to her, then it is conceded that the returns were properly made in the names of, and on behalf of, the several beneficiaries."

We held that surplus income for each year, that is, income over and above that expended for, or paid to, the children "was to be received and held by the trustee for the equal benefit of the three children, of whom the trustee was also the guardian, share and share alike, and that it was therefore the duty of the trustee to set up separate income accounts for each child and to annually credit these accounts with one-third of the net income. * * * It was with this trust, and this alone, we think, that the surplus income was impressed."

Further we said: "Concluding, as we do, that the principles of construction above referred to required the trustee to equally apportion or allot to each beneficiary his or her portion of the income and to deduct therefrom all sums expended for or paid to such beneficiary, retaining the surplus as a credit balance held in trust for the future use and benefit of the child concerned, we likewise conclude that the judgment rendered by the District Court was erroneous."

Upon the remand the District Court rendered judgment against appellant for the alleged overpayments in accordance with the applicable statutes, i. e., section 2(b), Rev.Act. 1916 (39 Stat. 757); section 219 (a) (3), Rev.Acts 1918 and 1921 (40 Stat. 1071, 42 Stat. 246); section 219(a) (1), Rev. Acts 1924 and 1926 [43 Stat. 275, 44 Stat. 32 (26 U.S.C. § 960 note, see 26 U.S.C.A. § 161(a) (1) and note)].

There is no question as to the amount of the overpayments if appellee is entitled to recover upon the theory of its amended petition.

Appellant contends that the judgment was contrary to our former opinion; that the opinion contemplated one trust res, the income from which was taxable to appellee, but that appellee was required as trustee to set up separate income accounts for each one of the three children. The contention is unwarranted. It is in conflict with our construction of the will, namely, that "the returns were properly made in the names of, and on behalf of, the several beneficiaries." It disregards the fact that we set aside the order sustaining the demurrer, which was equivalent to holding that the amended petition was sufficient in law.

Appellant urges that there is a fatal variance between the grounds specified in the claims for refund and those relied upon in the action. The ground upon which the refund claims were based was: "Because L. P. Ewald devised his property to the Fidelity & Columbia Trust Company, as trustee for his three children, Philip, Helen and Sterling. He directed the payment of certain sums to each of the children annually and the accumulation of the balance, this accumulation to be added to the principal. The government has held that the trust is to be considered as an entity, while the trustee contends that it is to be treated as three estates." This same ground was in substance the basis of appellee's suit.

Judgment affirmed.