COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. Dee Furey MOTT, Respondent.

No. 7827.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1939.

James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Sewall Key, DeWitt M. Evans, and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner.

Prewitt Semmes, of Detroit, Mich., for respondent.

Before ALLEN, HAMILTON, and ARANT, Circuit Judges.

PER CURIAM.

The order of the Board of Tax Appeals is affirmed upon authority of Commissioner v. Robinson, 103 F.2d 1009, this day decided.

■

COMMISSIONER OF INTERNAL REVENUE, Petitioner, v. Fred J. ROBINSON, Respondent.

No. 7819.

Circuit Court of Appeals, Sixth Circuit.

April 12, 1939.

James W. Morris, Asst. Atty. Gen., and J. P. Wenchel, Sewall Key, and Chester A. Gwinn, Sp. Assts. to Atty. Gen., for petitioner.

Albert M. Colegrove and Yerkes, Goddard & McClintock, all of Detroit, Mich., for respondent.

Before HICKS, SIMONS, and ARANT, Circuit Judges.

PER CURIAM.

Upon petition to review a decision of the Board of Tax Appeals holding that shares of stock owned by the taxpayer on December 30th, 1930, ordered sold through a broker on that date and sold by the broker on December 31st, 1930, for less than their cost to the taxpayer identified a loss to the taxpayer recognizable in 1930 even though the shares were not delivered until January 3d, 1931, we have the same question decided by us in Huntington National Bank v. Commissioner, 6 Cir., 90 F.2d 876, in reliance upon Ruml v. Commissioner, 2 Cir., 83 F.2d 257, recently followed in Commissioner v. Dashiell, 7 Cir., 100 F.2d 625. The contention, for the first time advanced, that gain or loss is to be recognized only upon the passing of title, which under the Uniform Sales Act takes place when shares of stock are delivered, may not control decision, since loss on sale of personal property is realized when "obligation to deliver is so fixed that the loss is reasonably certain in fact and ascertainable in amount". Lucas v. American Code Co., 280 U.S. 445, 50 S. Ct. 202, 74 L.Ed. 538, 67 A.L.R. 1010. We adhere to the views expressed in the Huntington National Bank case, supra, wherefore it is ordered that the decision of the Board of Tax Appeals be and it is hereby affirmed.