**UNITED STATES v. PFISTER.**

No. 14656.

United States Court of Appeals
Eighth Circuit.

June 29, 1953.

I. Henry Kutz, Sp. Asst. to Atty. Gen. (Charles S. Lyon, Asst. Atty. Gen., Ellis N. Slack, Robert N. Anderson, and William L. Norton, Jr., Sp. Assts. to Atty. Gen., Leo P. Flynn, U. S. Atty., and Francis G. Dunn, Asst. U. S. Atty., Sioux Falls, S. D., on the brief), for appellant.

James W. Bellamy, Rapid City, S. D. (Bellamy, Eastman & Christol, Rapid City, S. D., on the brief), for appellee.

Before SANBORN, RIDDICK, and COLLET, Circuit Judges.

RIDDICK, Circuit Judge.

The United States appeals from a judgment in an action brought under Title 28 U.S.C. § 1346(a) (1), to recover alleged overpayments of income taxes for the years 1944, 1946, and 1947.

The taxpayer raises beef cattle for market. In accordance with custom in the industry, the taxpayer maintained a herd for breeding purposes, from year to year selling steers on the market, but retaining the heifers not for sale but to replenish his breeding herd. When economic conditions required, he sold portions of the breeding herd. In his complaint taxpayer alleged that a portion of the cattle, proceeds from the sale of which he had reported on his returns for the years in question as ordinary income, was actually a part of his breeding herd, and that the proceeds from their sale should have been reported as capital gains, Internal Revenue Code, Section 117(j), 26 U.S.C. § 117(j), resulting in overpayment of taxes for each of the years involved in the action. Judgment was asked for the sum of the alleged overpayments, $3,816.67, with interest.

In defense of the action, the United States, after denying the allegations of the complaint, alleged by way of counterclaim that the taxpayer was indebted to the United States in the sum of $17,749.97 with interest for deficiencies determined by the Commissioner for each of the years in question. These counterclaims were based upon jeopardy assessments made by the Commissioner upon audit of the taxpayer's income tax returns.

With respect to the year 1944 the Commissioner determined that certain livestock sold during that year and by the taxpayer claimed as capital assets did not qualify for such treatment. In his return for 1944 the taxpayer reported proceeds in the sum of $74,728.90 from the sale of livestock of which $28,578.90 was reported as ordinary income and $46,150 as receipts from the sale of capital assets. The Commissioner ruled that only $22,373.58 of the proceeds of sales of livestock was properly attributable to the sale of capital assets.

For the years 1946 and 1947 the Commissioner ruled that none of the livestock sold for those years was entitled to treatment as capital assets. Other corrections were made in the taxpayer's return for 1947, among them a denial of a deduction for wages paid to his wife. Thereafter, by leave of court the United States filed

a further counterclaim with reference to the taxes for the year 1946, as follows:

> "Defendant alleges in the alternative that plaintiff received income in the year 1946 in the sum of $24,168.64 which said income was includable in the gross income of Richard Pfister for said taxable year and is in excess of 25% of the amount of $77,835.99, gross income stated in his income tax return for the year 1946."

The basis for this counterclaim was the allegation that on October 23, 1946, the taxpayer sold cattle for which he received $8,841.27 and reported in his return only the sum of $5,618.77, and on December 24, 1946, taxpayer received $20,946.14 from the sale of cattle which sum was reported as income received in the year 1947 and not in the year of its receipt, resulting in a deficiency in the taxpayer's income tax for 1946 in the sum of $24,127.10 for which judgment was asked.

On trial to the court without a jury, all issues which the court thought were raised on the pleadings were resolved in favor of the taxpayer with the exception that the deduction claimed by the taxpayer for payments to his wife in 1947 was denied. The court found that all of the livestock sold by the taxpayer in the years in question, on which he based his claim for overpayment of taxes, were entitled to treatment as capital assets, and that the jeopardy assessments made by the Commissioner on the contrary contention were erroneous. The court also concluded that the sum of $20,946.14, the proceeds from the sale of cattle in December 1946, was not received by the taxpayer until January 2, 1947, and was properly includible as the taxpayer reported in the year 1947. The court made no finding concerning the claim of the United States that in October 1946 the taxpayer reported as his gross income from the sale of cattle only the sum of $5,618.77 when the net proceeds of the sale were $8,841.47. The court refused to consider, as not within the issues in the case, the contention of the United States that taxpayer in his income tax returns for the years in question had erroneously deducted the cost of animals purchased for the breeding herd as an ordinary business expense.

The United States assigns error, (1) in the holding of the court that the net proceeds from the sale of cattle on December 24, 1946, were properly includible in taxpayer's income for 1947; (2) in the failure of the court to find that the taxpayer omitted from gross income in his return for 1946 $3,222.50 of the net proceeds received for the sale of cattle in October 1946; and (3) in the failure of the court to decide the question whether the taxpayer had erroneously deducted the cost of animals purchased for his breeding herd as ordinary business expense. The facts controlling on all these assignments are undisputed.

■ In December 1946 taxpayer sold a number of cattle through Long and Hansen Commission Company in Sioux City, Iowa. The cattle were delivered to the Commission Company with the understanding that the Company would sell the cattle and remit the net proceeds of the sale to the taxpayer by mail. The cattle were sold on December 12, 1946. Some time after the sale taxpayer left Sioux City for Omaha, Nebraska, where he remained until January 1, 1947. While at Omaha he directed the Commission Company to send the net proceeds of the sale, $20,946.14, to his home address, Edgemont, South Dakota. The evidence does not show when the Commission Company placed the check (dated December 24, 1946) for the proceeds of the sale in the mail, but taxpayer found it in his post office box on his return to his home on January 1, 1947. All of taxpayer's cattle were mortgaged to the Alliance Production Credit Association of Alliance, Nebraska, under an agreement that all proceeds from the sale of cattle should be immediately paid to the Association. In accordance with this agreement, taxpayer on January 1, 1947, sent the check from the Commission Company to the Credit Association, which received it on January 2, 1947, and entered the proper credit on taxpayer's account. The court sustained the taxpayer's contention that the receipts from this sale of cattle were properly includible in taxpayer's income in 1947 and not in 1946. This ruling is clearly contrary to law.

The Commission Company was the agent of the taxpayer to receive the proceeds of the sale of the cattle for taxpayer. The general rule is that receipt by an agent is receipt by the principal. Huntington National Bank v. Commissioner, 6 Cir., 90 F.2d 876, 879; Maryland Casualty Co. v. United States, 251 U.S. 342, 346, 40 S.Ct. 155, 64 L.Ed. 297. The proceeds of this sale were also includible in gross income for 1946 under the doctrine of constructive receipt. Income is regarded as received for tax purposes when it is available to the taxpayer without restriction or subject to his control or dominion. "It is not essential under the income tax laws that a taxpayer actually receive money to which he is entitled before he is required to include it in his income tax returns. Whenever it is available to him and he is authorized to receive it or to direct its payment to some other party, it must be accounted for by him for income tax purposes." Helvering v. Gordon, 8 Cir., 87 F.2d 663, 667; Helvering v. Schaupp, 8 Cir., 71 F.2d 736, 737. The taxpayer in this case employed the cash receipts and disbursements method of accounting. The doctrine of constructive receipt applies. Treasury Regulations 111, Sec. 29.42–2; Ross v. Commissioner, 1 Cir., 169 F.2d 483, 490, 7 A.L.R.2d 719. The proceeds of the sale were definitely liquidated and available to the taxpayer without restriction in December 1946, and therefore constructively received in that year. Acer Realty Co. v. Commissioner, 8 Cir., 132 F.2d 512, 516. Neither income nor deductions may be taken out of the proper accounting period at the volition of either the taxpayer or the Government. Commissioner of Internal Revenue v. Mnookin's Estate, 8 Cir., 184 F.2d 89, 92, 93.

The court's failure to sustain the contention of the United States that the taxpayer in his 1946 return omitted income received in that year in the amount of $3,222.50 was clearly the result of an oversight. In October 1946 the taxpayer sold cattle for $8,841.27. In the same transaction he purchased calves for the price of $3,222.50. Both the sale and purchase were made through the same agent which deducted the purchase price of the calves from the sales price of the cattle and remitted to the taxpayer a check for the difference, $5,618.77. It is not denied that the taxpayer included in gross income for the year 1946 only the amount of the sales agent's remittance to him.

In his income tax return for 1946 taxpayer reported gross income in the amount of $77,835.99. The receipts from the transactions above described and not reported were $24,168.64, a sum in excess of 25 per cent of the gross income reported. The claims on behalf of the United States therefore are not barred by the statute of limitations, Int.Rev.Code, Section 275(c), 26 U.S.C. § 275(c),[1] since the Government's counterclaim was brought within five years after taxpayer's return for 1946 was filed.

The District Court was also in error in ruling that the question whether the taxpayer had erroneously deducted the cost of animals purchased for his breeding herd as an ordinary business expense was not within the issues in the case. It is true, as the court said, that the challenged deduction is not mentioned in any of the Commissioner's jeopardy assessments, nor is it made the basis of a counterclaim in any pleading filed by the United States. But all this is entirely beside the point.

---

1. "§ 275. Period of limitation upon assessment and collection

"Except as provided in section 276—

\* \* \* \* \*

"(c) Omission from gross income. If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 per centum of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 5 years after the return was filed."

Section 276, 26 U.S.C. § 276, lifts the bar of the statute of limitations in cases of false or fraudulent returns "with intent to evade tax", and in cases in which the taxpayer and the Commissioner before the expiration of the statutory period have agreed in writing for its extension. It is not contended that taxpayer's return for 1946 was false or fraudulent within the meaning of this section.

542

The validity of any deduction claimed by the taxpayer in his income tax return is inevitably in issue in his action to recover alleged overpayments of income tax. " * * * the ultimate question presented for decision, upon a claim for refund, is whether the taxpayer has overpaid his tax. This involves a redetermination of the entire tax liability. While no new assessment can be made, after the bar of the statute has fallen, the taxpayer, nevertheless, is not entitled to a refund unless he has overpaid his tax. The action to recover on a claim for refund is in the nature of an action for money had and received and it is incumbent upon the claimant to show that the United States has money which belongs to him." Lewis v. Reynolds, 284 U.S. 281, 283, 52 S.Ct. 145, 146, 76 L.Ed. 293. "Not only must the plaintiff show that the Commissioner was wrong, but he must go further and establish the essential facts from which a correct determination of his tax liability can be made." Roybark v. United States, D.C.S.D.Cal., 104 F.Supp. 759, 762, and cases cited. The burden is on the taxpayer to establish the exact amount to which he is entitled. To sustain the burden upon him, taxpayer must prove the legality and amount of any deduction claimed. Helvering v. Taylor, 293 U.S. 507, 514, 55 S.Ct. 287, 79 L.Ed. 623. And where under the evidence either the legality or the amount of the claimed deduction is brought in question in an action to recover an overpayment of taxes, an issue is raised available for defense without regard to its availability as a basis for affirmative relief. Champ Spring Co. v. United States, 8 Cir., 47 F.2d 1, 3; Rothensies v. Electric Storage Battery Co., 329 U.S. 296, 299, 67 S.Ct. 271, 91 L.Ed. 296.

 Taxpayer in this case maintained two herds, one for breeding and one for sale in the ordinary course of business. On occasion he made sales from and purchases for both herds. He did not keep separate books of account for the separate herds. The evidence shows that he deducted as an ordinary business expense the cost of all purchases without distinction as to the herd for which the purchases were made. When cross examined upon the purchases for which deductions were taken as an ordinary business expense, taxpayer was unable to identify the cattle purchased as for one herd or the other. While expressing the opinion that the purchases made for additions to his breeding herd were relatively small as compared with those made for the herd held for sale, he admitted that some purchases included in his business deductions were for additions to the breeding herd. He was, therefore, unable to prove the exact amount of the business deductions claimed in his tax returns. "A capital expenditure is not deductible as an 'ordinary' business expense. It is well-settled that money paid out for the acquirement of something of permanent use or value in one's business is a capital investment and not deductible from income as 'ordinary' business expense." Acer Realty Co. v. Commissioner, 8 Cir., 132 F. 2d at page 514.

It follows from what has been said that the judgment of the District Court must be reversed and this case remanded for further proceedings in conformity with this opinion.