T.C. Memo. 1998-61


UNITED STATES TAX COURT


ELEANOR A. BURKES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

CAESAR D. BURKES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 1733-96, 1735-96.          Filed February 12, 1998.


Madelon Sprague, for petitioner Eleanor A Burkes.

Daniel M. McCabe and Kevin T. O'Connor, for petitioner
Caesar D. Burkes.

Katherine Lee Wambsgans, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined duplicate alternative deficiencies with respect to these consolidated cases.[1]  The deficiencies remaining in dispute are the result of the disallowance of alimony deductions for one petitioner and inclusion of alimony income to the other with respect to payments made by the deducting spouse.  Ultimately, only one party will bear a tax burden with respect to each item, depending on whether we decide that it is or is not an alimony payment.  The determined deficiencies, penalties, additions to tax, and taxable periods for Ms. Burkes and Mr. Burkes are as follows:

Eleanor A. Burkes:

| Year | Deficiency | Penalty Sec. 6662(a) |
|------|------------|----------------------|
| 1990 | $21,428.90 | $4,286 |
| 1991 | 3,598.00 | 720 |

Caesar D. Burkes:

| Year | Deficiency | Addition To Tax Sec. 6651(a) | Penalty Sec. 6662(a) |
|------|------------|------------------------------|----------------------|
| 1989 | $4,256.83 | $1,226 | $851 |
| 1990 | 15,728.18 | --- | 656 |
| 1991 | 3,774.00 | 1,058 | 755 |

The parties have settled several adjustments, leaving the following issues for our consideration:  (1) Whether the divorce judgment that orders certain payments to be made by Mr. Burkes

---

[1] These cases involve a former husband and wife who have a common controversy over whether certain amounts do or do not constitute alimony.  These cases have been consolidated for purposes of trial, briefing, and opinion.

for Ms. Burke's legal fees and other items meets the requirements of section 71(b)(1)(D)[2] so as to be deductible and includable as alimony; (2) whether Ms. Burkes was in receipt of certain amounts during 1990 or 1991; and (3) whether either petitioner is liable for the accuracy-related penalty of section 6662(a).[3]

## FINDINGS OF FACT

Petitioners were legal residents of Ohio at the time their petitions were filed in their respective proceedings before this Court. Petitioners were divorced by entry of judgment dated November 13, 1990. During 1989, a temporary support order was issued requiring petitioner/husband to, on a monthly basis, pay $2,000 alimony; $1,000 child support ($250 for each of four minor children); the mortgage, real estate taxes, and insurance on the family home; utility bills, other than long-distance telephone calls; life insurance in force on family members; and gas and maintenance of automobiles.

---

[2] Section references are to the Internal Revenue Code as amended and in effect for the periods under consideration, and Rule references are to this Court's Rules of Practice and Procedure.

[3] Respondent is in the role of a stakeholder with respect to most of the alimony issues. Respondent concedes on brief that Ms. Burkes is not required to report as income the payments made by petitioner/husband for homeowners insurance and utilities. Concerning the accuracy-related penalty, respondent argues, alternatively, that each petitioner is liable, with the exception that neither petitioner is liable for the penalty as it may relate to the attorney fees and automobile payment alimony issues.

The final divorce judgment contained the following pertinent paragraphs:

>       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [Mr. Burkes] shall pay to * * * [Ms. Burkes] the sum of $1,836.00 * * * every month for the support of the minor children ($612.00 per month per child).  * * *  In addition * * * [Mr. Burkes] shall pay to * * * [Ms. Burkes] the sum of $8,160.00 * * *, per month as support alimony, for a term of six (6) years or until her earlier death or remarriage, subject to further order of Court within said term.  * * *

>       *       *       *       *       *       *       *

>       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [Ms. Burkes] be and she is hereby awarded the real estate located at 2615 Butternut Lane, Pepper Pike, Ohio * * * [and Ms. Burkes] shall be responsible for the payment of and shall indemnify and hold * * * [Mr. Burkes] harmless on the mortgage (principal and interest), taxes, and insurance on said real property.

>       *       *       *       *       *       *       *

>       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [Ms. Burkes] be and she is hereby awarded as alimony (property division) the 1989 Cadillac automobile currently in her possession * * *

>       *       *       *       *       *       *       *

>       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [Mr. Burkes] shall pay to * * * [Ms. Burkes], as and for division of property, the sum of One Million Dollars ($1,000,000.00), with six percent (6%) simple interest per annum on the unpaid balance, said payments to be made as follows: * * *  [Specific annual payments are set out for consecutive annual payments for 1990 through 1996.]

>       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [Mr. Burkes] be and he is hereby awarded as alimony (property division) the IRA accounts in his name * * *

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [Mr. Burkes] shall pay, as additional alimony, and hold * * * [Ms. Burkes] harmless thereon, the loan against the 1989 Cadillac automobile in * * * [Ms. Burkes'] possession, and any and all other debts or charges he has incurred since the parties' separation.

*    *    *    *    *    *    *

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that * * * [Mr. Burkes] shall pay to * * * [Ms. Burkes] the sum of $60,000.00 as additional alimony toward attorney fees, for which sum judgment is rendered and execution may issue.

During November 1990, Ms. Burkes filed a garnishment proceeding against Mr. Burkes seeking a $55,636 judgment for attorney's fees, and Mr. Burkes' wages were garnished in the amount of $55,645.82 during 1990.  On December 27, 1990, the Cleveland Municipal Court issued a $47,668.31 check to Ms. Burkes' counsel.  On January 8, 1991, the Cleveland Municipal Court issued a $7,977.51 check to Ms. Burkes' counsel.  The two checks were received by Ms. Burkes' counsel and deposited in the counsel's trust account and were not disbursed to Ms. Burkes until 1991.  The $4,364 balance of the attorney's fees was paid during 1991 directly from Mr. Burkes to Ms. Burkes.

Ms. Burkes used the 1989 Cadillac throughout the 1991 year, and Mr. Burkes paid $8,217 on the Cadillac car loan.  The title to the 1989 Cadillac during 1991 was in the name of Mr. Burkes' corporation.

Ms. Burkes' divorce attorney selected a certified public accountant and provided the accountant with Ms. Burkes' tax

information for purposes of preparing her 1990 Federal income tax return. Ms. Burkes did not confer with the accountant in the course of the preparation of her 1990 income tax return. Ms. Burkes relied on her attorney and the accountant to prepare her return, which she signed and timely filed.

OPINION

Other than with respect to the section 6662(a) penalties, respondent has taken the position of a stakeholder and has no preference concerning whether we find that the payments in controversy are alimony includable by Ms. Burkes or property settlement and/or child support not deductible by Mr. Burkes. The other two parties controvert whether certain payments either were received or, if received, were alimony.

Transfers of property between spouses (property settlements) incident to a divorce are generally not taxable events and do not give rise to deductions or recognizable income. See sec. 1041. Gross income, however, does include amounts received as alimony or separate maintenance payments. Secs. 61(a)(8), 71(a). Section 215(a) allows a deduction for the payment of alimony during a taxable year. Section 215(b) defines alimony as payment that is includable in the gross income of the recipient under section 71. Section 71(c) provides that section 71(a) does not apply to any payment that is fixed by the terms of the divorce or separation instrument as payable for the support of the children

of the payor spouse.  If alimony is includable in the payee

spouse's gross income under section 71(a), the payor spouse is

allowed to deduct the amount of the alimony paid.  Sec. 215(a)

and (b).

Section 71(b)(1) defines alimony or separate maintenance as

any cash payment meeting the four criteria provided in

subparagraphs (A) through (D) of that section.  Accordingly, if

any portion of the money paid to or on behalf of Ms. Burkes meets

all four enumerated criteria, that portion is alimony.[4]  If any

portion of the payments made by Mr. Burkes fails to meet any one

---

[4] Sec. 71(b)(1) provides:

> SEC. 71(b).  Alimony or Separate Maintenance Payments
> Defined.--For purposes of this section--
>> (1) In general.--The term "alimony or separate
>> maintenance payment" means any payment in cash if--
>>> (A) such payment is received by (or on behalf
>>> of) a spouse under a divorce or separation
>>> instrument,
>>> (B) the divorce or separation instrument does
>>> not designate such payment as a payment which is
>>> not includible in gross income under this section
>>> and not allowable as a deduction under section
>>> 215,
>>> (C) in the case of an individual legally
>>> separated from his spouse under a decree of
>>> divorce or of separate maintenance, the payee
>>> spouse and the payor spouse are not members of the
>>> same household at the time such payment is made,
>>> and
>>> (D) there is no liability to make any such
>>> payment for any period after the death of the
>>> payee spouse and there is no liability to make any
>>> payment (in cash or property) as a substitute for
>>> such payments after the death of the payee spouse.

of the four enumerated criteria, that portion is not alimony and thus is not deductible or includable.

Section 71(b)(1)(B) requires that the "divorce or separation instrument does not designate such payment as a payment which is not includible in gross income * * * and not allowable as a deduction under section 215".

Ms. Burkes argues that with respect to the attorney's fees question, section 71(b)(1)(A), (B), and (D) is in dispute, and with respect to the remainder of alimony issues, section 71(b)(1)(B) and (D) is in dispute. We consider each alimony item separately.

Payment of Attorney's Fees

The operative language of the final divorce judgment concerning the payment of attorney's fees is as follows: "[Mr. Burkes] shall pay to * * * [Ms. Burkes] the sum of $60,000.00 as additional alimony toward attorney fees, for which sum judgment is rendered and execution may issue." Ms. Burkes argues that as a matter of Ohio law the term "alimony" can include both spousal support and property settlements. Therefore, she contends that the State divorce court use of the term alimony here is inconclusive. Mr. Burkes agrees that prior to 1991, the term "alimony", under Ohio law, could refer to either a division of

property or spousal support.[5]  Mr. Burkes, however, argues that judgment entries in the final divorce judgment contain specific differentiation of the items of property settlement and spousal support.

Our reading of the final divorce judgment revealed that the judgment entries did differentiate between alimony that is to be property settlement or spousal support.  For example, Ms. Burkes was awarded $8,160 per month for a term of years as "support alimony", and, conversely, she was awarded a 1989 Cadillac automobile as "alimony (property division)".  Other examples where the judgment entry designated a division of property include a $1 million sum payable over a period of years and an individual retirement account.  The term "support alimony" was used for the payment of the monthly support of Ms. Burkes, and the term "additional alimony" is used in other entries that do not contain the "property division" designation.  For example, Mr. Burkes was required to make payments on the Cadillac and all other debts and charges he incurred since the parties' separation as additional alimony.  Likewise, the $60,000 for Ms. Burkes' attorney's fees was designated as "additional alimony".  The only entry that neither refers to alimony nor alimony with a reference to a property division is the one awarding certain real estate

---

[5] The parties refer to <u>Hoover v. Commissioner</u>, 102 F.3d 842, 847 (6th Cir. 1996), affg. T.C. Memo. 1995-183, as to the state of pre-1991 Ohio law on the term "alimony".

(presumably a residence) to Ms. Burkes and requiring her to pay the mortgage, taxes, and insurance on the property.

Accordingly, there is little room for doubt that the pattern of judgment entries here designates those items that are alimony and those that are part of the property settlement. Having made that distinction, we must consider whether, under Ohio law the requirement to pay support alimony extends beyond the death of the payee. If it does not, then the attorney's fees payments meet the requirements of section 71(b)(1)(D) and are deductible by Mr. Burkes and includable by Ms. Burkes. Under Ohio law there is no liability to make alimony support payments for any period after the death of the payee spouse. See Ohio Rev. Code Ann. sec. 3105.18(B) (Anderson 1996), and predecessor sections.

Having decided that the $60,000 constitutes alimony within the meaning of section 71, we must address Ms. Burkes' secondary argument that she did not receive any of the $60,000 in attorney's fees until 1991. In that regard, Mr. Burkes deducted $55,636 as alimony, representing attorney's fees, for 1990 and $4,364 for 1991. Ms. Burkes reported neither of those amounts, and respondent determined that Ms. Burkes should have included the $55,636 for 1990 and $4,364 for 1991. Ms. Burkes' position is one of constructive receipt in that she argues that because the attorney's fees were obtained by means of a judgment and garnishment of Mr. Burkes' funds and were received late in 1990

by Ms. Burkes' attorney, Ms. Burkes did not have the $55,636 available for her benefit until 1991.

We have found, based on the parties' stipulation of facts, that the Cleveland Municipal Court garnished $55,645.82 from Mr. Burkes during 1990. We have also found that $47,668.31 was received by Ms. Burkes' attorney as of December 27, 1990, and that $7,977.51 was not received by Ms. Burkes' attorney until January 8, 1991. Additionally, we have found that $4,364 was received by Ms. Burkes from Mr. Burkes during 1991. Accordingly, with respect to the $7,977.51 and $4,364 amounts, Ms. Burkes is required to include those amounts in her 1991 income. As to the $7,977.51 amount, we find respondent's 1990 determination for Ms. Burkes to be in error.

As to the $47,668.31 received by Ms. Burkes' attorney as of December 27, 1990, the principles of constructive receipt dictate that we hold that Ms. Burkes was required to report that amount as alimony for 1990 even though she did not actually physically receive that amount until 1991.

Receipt of payment by an agent is constructive receipt by the principal. Maryland Cas. Co. v. United States, 251 U.S. 342, 346 (1920); Joyce v. Commissioner, 42 T.C. 628, 639 (1964). Even if it were agreed between the agent and the principal that the agent would not distribute the funds received to the principal until a subsequent year, courts have found constructive

receipt by the principal.  <u>Warren v. United States</u>, 613 F.2d 591 (5th Cir. 1980); <u>United States v. Pfister</u>, 205 F.2d 538 (8th Cir. 1953).  Ms. Burkes' attorney was acting as her agent and received the garnished wages on Ms. Burkes' behalf.  See <u>Estate of Kamm v. Commissioner</u>, 349 F.2d 953 (3d Cir. 1965), affg. T.C. Memo. 1963-344.

Mr. Burkes, on the other hand, is entitled to the alimony deduction involving the attorney's fees as claimed for 1990 and 1991 and, accordingly, respondent's determination, to that extent, is in error.  Due to the time delay between the garnishment and payment of the $7,977.51 amount, some inconsistencies result concerning the reporting of the alimony in these consolidated cases.

Car Payments

The divorce judgment provided that Ms. Burkes was to receive the 1989 automobile as a division of property, and Mr. Burkes was to pay, as additional alimony, the loan against the 1989 automobile.  Mr. Burkes made payments of $8,217 in both 1990 and 1991 and claimed alimony deductions in those amounts on his respective income tax returns.  Ms. Burkes did not include, in either 1990 or 1991, any part of the $8,217 as alimony.  On brief, Mr. Burkes argues that he is entitled to only $648.75[6] for

_____

[6] The parties used $648.75.  However, it appears that $684.75 would have been the monthly payment.  For purposes of
                                              (continued...)

1990 and $8,217 for 1991.  Ms. Burkes argues that the temporary support order, which was in effect until the beginning of November 1990, did not require payment of the auto loan.  Mr. Burkes' concession is likely based on his evaluation of Ms. Burkes' argument that the final divorce decree did not become effective until the latter part of 1990.

Ms. Burkes argues that these payments were a division of property as opposed to being support alimony, and, accordingly, those payments would not meet the section 71(b)(1)(D) test that the payments cease at Ms. Burkes' death.  For the same reasons we set forth in our discussion of the attorney's fees question, the payments on the automobile loan constitute support alimony and not a division of property.  Therefore, Mr. Burkes is entitled to deduct from income, and Ms. Burkes is required to include in income $648.75 for 1990 and $8,217 for 1991, attributable to Mr. Burkes' payments on the automobile loan.

Respondent also disallowed the $8,217 payment on the automobile loan claimed by Mr. Burkes for 1989.  Mr. Burkes conceded, on brief, that the $8,217 amount is not allowable as an alimony deduction for 1989.

---

[6](...continued)
this case, we accept $648.75 as used by the parties.

Utilities and Homeowners Insurance

Mr. Burkes during 1990, in accord with the temporary support order, paid $10,846 for residential utilities and $1,000 for homeowners insurance for 1990. Respondent determined that these payments constituted alimony to Ms. Burkes for 1990. Ms. Burkes argues that those amounts constitute child support. On brief, respondent conceded that Ms. Burkes "is not required to report homeowners insurance payments and utility payments as income from alimony."

Accuracy-related Penalty--Section 6662(a)

With respect to each of petitioners' taxable years in issue, respondent determined that the entire underpayment for each taxable year was due to "negligence or disregard of rules or regulations" under section 6662. On brief, respondent conceded that "the accuracy-related penalty under section 6662(a) for negligence does not apply to the adjustments made relative to the issue of whether the attorney fees and automobile payments constitute alimony or a division of marital property."

Respondent, however, continues to maintain that the accuracy-related penalty applies "to all other adjustments" sustained by the Court or agreed pursuant to the parties' settlement. Petitioners bear the burden of showing that respondent's determination is in error, i.e., that the remaining underpayments are not due to negligence or disregard of rules or

regulations, or that there was reasonable cause and good faith with respect to those underpayments. Rule 142(a). If the penalty is found applicable, section 6662 provides for a 20-percent addition to those portions of the underpayment that are attributable to negligence or disregard of rules or regulations. Due to respondent's concession, Ms. Burkes is not liable for a section 6662(a) penalty for the 1991 taxable year.

Ms. Burkes, for the 1990 taxable year, argues that her failure to include $11,000 of alimony was not due to negligence or intentional disregard because of her reliance on her divorce counsel to communicate complete and accurate information to her return preparer. Negligence is defined as the lack of due care or failure to do what an ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Negligence also includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws. Reasonable and good faith reliance on the advice of an accountant or attorney may offer relief from the imposition of the negligence addition. United States v. Boyle, 469 U.S. 241, 250-251 (1985). Reliance on professional advice, however, is not an absolute defense to negligence, but rather a factor to be considered. Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991).

Here, Ms. Burkes' situation was very complex in that her 1990 reporting year contained a transitional situation where the amount reportable was changing and the amounts that were or were not reportable were subject to some doubt. In this situation, Ms. Burkes reasonably relied on her attorney and the accountant selected for her by the attorney. There were substantial legal questions as to which of the numerous items were reportable as alimony. These circumstances made it reasonable for Ms. Burkes to rely on the advice of the two professionals involved. We conclude that Ms. Burkes was therefore not negligent within the meaning of section 6662 for her 1990 taxable year.

On brief, Mr. Burkes did not make any argument concerning respondent's determination concerning the section 6662(a) penalties. We treat this omission as a concession that, to the extent not conceded by respondent, Mr. Burkes is liable for the section 6662(a) penalties as determined.

To reflect the foregoing and to account for agreements and concessions of the parties,

<u>Decisions will be entered</u>

<u>under Rule 155.</u>